### GRAUT v. BURTON.

A person in duty bound to pay taxes, as the owner of land cannot purchase at a tax sale, and such a purchase operates only as payment of taxes.

A husband because of the confidential marital relation cannot purchase his wife's land at a tax sale, but such a purchase will be treated only as payment of her taxes.

(Opinion filed, July 8, 1910.)

Appeal from Circuit Court, Hand County. Hon. LYMAN T. BOUCHER, Judge.

Action by Francis J. Grant against Nettie M. Burton. Judgment for plaintiff and defendant appeals. Reversed, with direction.

*W. A. Lynch* and *L. C. Kemp,* for appellant, *Sterling & Clark,* for respondent.

McCOY, J. It appears from the record: That plaintiff brought this suit in the circuit court to foreclose a real estate mortgage dated August 6, 1886, upon a certain quarter section of land situated in Hand county, given by one Albert Oestreich, mortgagor and then owner of said land, to one T. E. Penney, mortgagee. Afterwards Penney assigned said mortgage to plaintiff. On the 8th day of August, 1895, the county treasurer of Hand county issued and delivered to one Blackman a tax deed to said land, based on a tax sale thereof for the taxes of 1891. That said Blackman immediately took possession of said land and paid the back taxes thereon accruing after 1891, and on the 12th day of August, 1898, Blackman by warranty deed conveyed said land to defendant, who immediately took possession thereof. That said Blackman paid all taxes assessed against said land for the years 1895, 1896, and 1897, and that the defendant, Nettie M. Burton, paid the taxes assessed for 1898. That on November 5, 1900, the said land was sold at tax sale for the taxes of 1899 to Edward I. Burton, the husband and agent of defendant, and the taxes of 1900, 1901, 1902, 1903, and 1904 were paid by Edward I. Burton as subsequent to the tax sale of 1900. In 1905 Edward I. Burton assigned to the defendant the tax sale certificate issued November 5, 1900, and defendant thereupon redeemed from such tax sale. That the defendant paid the taxes assessed against said premises for the years 1905 and 1906. This action was commenced in July, 1906. The defendant claims to be the absolute owner of said land free and clear of all incumbrances under section 54, Code Civ. Proc., which provides that every person in the actual possession of lands, under claim and color of title made in good faith, and who shall have continued for 10 successive years in such

possession, and shall also during said time have paid all taxes legally assessed on such lands, shall be held and adjudged to be the legal owner of said lands to the extent and according to the purport of his paper title. It is contended by respondent, who was plaintiff below, that defendant should not be permitted to avail herself of the benefits of said section 54 because she permitted the said lands to be sold for the taxes of 1899, that her subsequent redemption did not have the effect of a payment of such taxes within the meaning of the provisions of said section of the statute. In this contention we are of the opinion that the defendant is in the right. In the case of Stiles v. Granger, 17 N. D. 502, 117 N. W. 777, the Supreme Court of North Dakota, under a like statute, held that, when the agent of the adverse claimant to real estate under a tax deed purchased the land on a tax sale, such purchase was void and operated as payment only, and would not defeat title under the statute. It seems to be generally held that where one is in duty bound to pay taxes, as the owner of the land, he cannot purchase at tax sale, and that a purchase under such circumstances is unauthorized and void and operates as payment only, and not as a purchase. It also seems to be generally held that a husband on account of the confidential marital relation cannot purchase the land of his wife on tax sale, but that a purchase so made by him will be treated only as payment of her taxes. Black on Tax Titles, §§ 286, 287, 289, 290, and 291.

The judgment of the circuit court is therefore reversed, and the court directed to enter judgment in favor of the defendant, Nettie M. Burton, declaring her to be the absolute owner of the lands in question.