M. E .SMITH & COMPANY, Appellant, v. KIMBLE et al., Respondents.

(162 N. W. 162.)

(File No  3885.    Opinion filed April 2, 1917.    Rehearing denied May 5, 1917.)

1.   **Appeals—Error—Former Appeal, Decision on—Law of Case, How Far Binding?**

So far as applicable to the present appeal, the decision on the former appeal became and is the law of the case, and binding upon trial court, but not upon Supreme Court.

2.   **Trials—Instructions, Basis of, on Evidence—Parties' Theories, Hypothetically Stated in—Rule.**

The rule is well settled that instructions must be based on the evidence, and should present to the jury in hypothetical form the various conflicting theories of the respective parties.

3.   **Same—Instructions, Refusal to Give—Instructions Given Covering Questions Presented, Effect.**

Where instructions as given, fairly and substantially cover propositions presented by requested instructions, and cover theories of respective parties presented by evidence, trial court's refusal to give such requested instructions is not error.

4.   **Same—Instructions—Ungrammatical, Awkward Instructions, Effect.**

The fact that instructions may be ungrammatical, or awkward will not constitute error.   So held, where sentences in instructions were not so scientifically punctuated, or with such scientific grammatical precision as those requested by plaintiff,

yet they substantially and correctly embraced every material purpose fairly covered by issues and theories of respective parties under the evidence.

5. **Same—Instructions—Written Guaranty—Defense of Fraud, Evidence of, Degree Required.**

Where a party seeks to avoid a written contract, confessedly admitted to have been signed by him, he must produce clear, satisfactory, and convincing testimony that he was fraudulently misled into signing same. So **held**, in a suit upon a written contract of guaranty.

6. **Same—Instructions—Guaranty, Presumption of Knowledge of Contents of, Evidence to Overthrow, Degree of.**

In a suit on a written guaranty, the defense being fraud in procuring defendant's signature thereto, the court instructed that in order to overthrow the presumption of defendant's knowledge of contents of the guaranty contract, the evidence must be clear and satisfactory to the jury, and that if they should find by a "fair preponderance" of the evidence upon question of fraud they should find for defendant. **Held,** that the word "fair," as so used by trial court, was synonymous with the word "clear;" that such instruction substantially covered the rule relative to clear, satisfactory and convincing testimony upon the issue of fraud; that the language used substantially means the same as clear and convincing.

Whiting, J., and Gates, P. J., dissenting.

7. **Guaranty—Acceptance of Written Guaranty—Acceptance Through Agent—Instructions, Submitting Question of Law to Jury.**

In a suit on a written guaranty, instructions concerning acceptance by defendant of an offer of guaranty, that a certain person, as agent, possessed authority to accept the guaranty on behalf of plaintiff; that if so, that would be a sufficient acceptance; and that the jury should determine whether he did so accept it; and if not, then, the question arose whether plaintiff itself accepted it by writing and mailing a letter to defendant—did not amount to submission to the jury of the question of law as to acceptance of the offer of guaranty; that they submitted the question of fact as to whether or not the agent accepted the guaranty, and not the question of law resulting from such finding; the acceptance being the ultimate issuable question of fact; that it is always proper for trial court to instruct jury hypothetically as to legal effect of the evidence and of their finding of fact.

8. **Trials—Instructions, Theories Presented by, Rule.**

Instructions must be interpreted in the light of evidence and the theories presented by the respective parties.

9. **Same—Instructions—Guaranty, Offer of, Acceptance of, Notice of Acceptance, Whether Lawful.**

An instruction in a suit upon a written guaranty involving the question whether defendant's offer of guaranty had been accepted through a letter from plaintiff, that if the jury found that the letter was mailed, as claimed by plaintiff, such mailing constituted acceptance, correctly stated the law.

**10.    Guaranty—Acceptance of—Question of Fact.**

In a suit on a written guaranty, acceptance of an offer of which guaranty was claimed by plaintiff to have been made by it, **held**, that acceptance of the guaranty was an ultimate issuable question for the jury to determine.

**11.    Trials—Suit on Guaranty—Acceptance of Offer of, by Mailing Letter—Question for Jury.**

In a suit upon a written guaranty, involving acceptance of defendant's offer of guaranty by plaintiff, **held**, that evidence of an acceptance by mail of the offer of guaranty, given by plaintiff, its officers and employees, although undisputed, was properly submitted to the jury.

**12.    Guaranty—Acceptance of—Evidence, Sufficiency.**

Evidence, in a suit upon a written guaranty, involving the question whether plaintiff, by mailing a letter to defendant, accepted defendant's offer of the guaranty, and whether notice of such acceptance was received by defendant, and involving certain instructions, **held** sufficient to sustain the verdict for defendant.

Smith, J., concurring specially.    Whiting, J., dissenting.

Appeal from Circuit Court, Davison County.    Hon. FRANK B. SMITH, Judge.

See, 31 S. D. 18, 139 N. W. 348.

Action by M. E. Smith and Company, against Minerva J. Kimble and another, executors of the estate of James Kimble, deceased, upon a written guaranty. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Baldridge, Keller & Keller,* and *H. G. Giddings,* for Appellant.

*Spangler & Haney,* for Respondents.

(1.)  To point one of the opinion, Respondents cited: Diversey v. Johnson, 93 Ill. 547, 34 L. R. A. 321; Bryan v. Weems, 25 Ala. 195.

(6.)  To point six of the opinion, Appellant cited: Farlow v. Chambers, 110 N. W. 95; Mayberry v. Nichols, 39 S. W. 881; Herron v. M. Rumley Co. 116 Pac. 952.

McCOY, J. [1] This action to recover upon an alleged written contract of guaranty was before this court on a former occasion; the decision will be found in 31 S. D. 18, 139 N. W. 348, Ann. Cas. 1916A, 497. There is no substantial difference between the facts and testimony offered on the last trial than that before the court on the former appeal. On the last trial the issues were submitted to a jury and a verdict rendered in favor of defendants upon all the issues, and plaintiff appeals. Plaintiff assigns the insufficiency of the evidence to sustain the verdict. We are of the view that the evidence both on the question of fraud in the procuring of the signature of the contract of guaranty, and of the acceptance and notice thereof, was amply sufficient to sustain the verdict. So far as applicable to this appeal the decision on the former appeal became and is the law of this case, and binding upon the trial court, but not upon this court.

Assignments of error have been made based on the reception of evidence, all of which assignments have been carefully examined, and we are of the view that no prejudicial error appears in relation thereto.

[2-4] Many assignments of error are based upon the instructions, and refusal to give instructions to the jury. Many instructions were requested by plaintiff which were refused, but we are of the opinion, however, that all the said requested instructions were substantially covered and given by the trial court of his own motion. Careful analysis of the instructions given will disclose that while they were not divided up into paragraphs and numbered, and the sentences were not so scientifically punctuated, or constructed with such scientific grammatical precision as those requested by plaintiff, still, nevertheless, the instructions as given will be found to have substantially and correctly embraced every material proposition fairly covered by the issues and theories of the respective parties as presented by the evidence. The rules are well settled that instructions must be based on the evidence, and should present to the jury, in hypothetical form, the various conflicting theories of the respective parties, and should be construed as a whole and not in fragmentary parts; and where the instructions, as given, fairly and substantially cover the propositions presented by requested instructions, and cover the theories preesnted by the respective parties by the evidence, error cannot

be predicated upon the refusal of the court to give such requested instructions. The fact that instructions may be ungrammatical or awkward will not constitute error. Totten v. Stevenson, 29 S. D. 71, 135 N. W. 715; Hughes on Instructions, §§ 70, 101, 102, 172; Sackett, Instructions, §§ 168, 173, 197, 198, 209; Rule v. Bolles, 27 Or. 368, 41 Pac. 691.

[5, 6] Appellant requested the court to instruct the jury that the burden of proof was upon defendant to show fraud in obtaining the signature to the contract in question by clear, satisfactory, and convincing testimony. The rule of law no doubt is that where a party seeks to avoid a written contract, confessedly admitted to have been signed by him, he must produce clear, satisfactory, and convincing testimony that he was fraudulently misled into signing the same. The court instructed the jury as follows:

"Now, gentlemen, in the first place a written contract, the execution of which is undisputed, is presumed to contain the contract between the parties, and in the first instance the person signing it is presumed in law to know its contents. These presumptions are not, however, conclusive. They may be disputed and proven to be otherwise, but in order to overthrow this presumption of knowledge of contents, the evidence must be clear and satisfactory to the jury."

The court several times in this connection repeated to the jury that if they found by a "fair preponderance" of the evidence, upon the question of fraud, they should find in favor of defendant. We are of the view that the word "fair," as used by the court in this instruction, was synonymous with the word "clear." This instruction substantially covered the rule in relation to clear, satisfactory, and convincing testimony upon the issue of fraud in such cases, although not in the usual stereotyped form. The court told the jury in so many words that the evidence must be clear and satisfactory to them. Fairly construed this language substantially means the same as clear and convincing, because if the jury were satisfied from clear testimony, they must necessarily have been convinced.

[7-10] Among others the court gave the following instruction:

"Now was there such acceptance? I think, gentlemen, that this man Hutchinson as an agent possessed sufficient authority under all the circumstances to accept this guaranty if he saw fit, absolutely and unqualifiedly, on behalf of the plaintiff. So if you reach that question you will determine whether or not in the first instance Mr. Hutchinson accepted this guaranty on. and in behalf of the plaintiff. If he formally accepted it from Mr. Kimball then that would be a sufficient acceptance of the proposition of guaranty. Under our law a guaranty or proposition for a guaranty, proposal to guaranty a debt of another is not binding upon the guarantor unless it is accepted by the guarantee and some sort of notice given to him of such acceptance. If this agent, Mr. Hutchinson, did accept it formally and Mr. Kimball was informed of that fact by him, then of course that would be a sufficient acceptance. If, however, the agent did not accept it on behalf of the plaintiff, then the next question arises, Did the plaintiff itself accept it? It is contended by the plaintiff that on the 21st day of November it wrote a letter and mailed it to the defendant. This letter (Exhibit C), which you have before you, upon its face would be a sufficient acceptance as far as form is concerned. The question arises with reference to the mailing of it and the receipt of it by the defendant. Now what is mailing a letter? Modern business affairs have much changed the method of handling and mailing letters to what it was many years ago. The ordinary business firm today has such an abundance of mail matter, the mailing facilities are so different from what they used to be, that the older rules of law that a letter must be carried and deposited in the post office can hardly be said to apply at the present time. If in the due course of business a letter is prepared and signed by the proper person of the firm, and it is sealed and placed in the mail box, or placed upon a desk, or placed where in the ordinary and usual course of business it gets into the hands of the post office authorities at the post office, or into the hands of a mail carrier for the purpose of transmission, it is a sufficient mailing. So you will take all of the evidence and determine for yourselves whether this letter (Exhibit C) in the ordinary and usual course of business came into the hands of a mail carrier or a person authorized to deliver it to the post office authorities for the purpose of trans-

.nission. If it did, then that is a sufficient mailing so far as the law of the case is concerned, and as I say if the relations of the parties were such and the nature of the transaction was such that it was naturally and reasonably to be expected that communication should be by letter, then, of course, the deposit in the mail would be a sufficient notice no matter whether the defendant received it or not. But if you think that the transaction was such that the natural inference from the situation of the parties, their relation to each other, and the subject-matter, would be that it was reasonably to be expected that notice should be personally given, then such notice must be given in order to bind the defendant."

It is contended that this instruction submitted to the jury for determination the question of law as to the acceptance of the offer of guaranty. We are of the view that this contention is not well grounded. This instruction must be interpreted in the light of the evidence and the theories presented by the respective parties. In relation to the acceptance of the guaranty, one Hutchinson, the agent of plaintiff, had testified that the contract of guaranty was made between himself and Kimball at a hotel in Mitchell; that he then and there told Kimball that he would accept said guaranty on behalf of plaintiff. The effect of this testimony was that the contract of guaranty (and this was one theory of the plaintiff) was then and there closed and completed by the personal acceptance thereof, as a matter of fact, by Hutchinson on behalf of plaintiff; that the contract of guaranty then and there went into full and complete effect. On the other hand, Kimball had testified that after the contract was executed by him and handed to Hutchinson, that Hutchinson said:

"This ain't what the company were looking for; if they accept it you will hear from them in a few days."

The effect of this testimony was to show, not a completed contract of guaranty as claimed by plaintiff, but only an offer of guaranty that must be accepted and notice of acceptance thereafter given to Kimball before it became a binding contract. Kimball further testified that he had never in any manner thereafter received any notice of acceptance. This was the theory of defendant, which theory was evidently based upon the decision in Deering v. Mortell, 21 S. D. 159, 110 N. W. 86, 16 L. R. A. (N. S.) 352. Plaintiff, to meet the exigencies of the case, and to

rebut the theory of defendant, adduced testimony of plaintiff's agents and employees tending to show that a letter of acceptance was written and mailed to Kimball, and related the circumstances of such mailing, as circumstantial evidence tending to show that the plaintiff, in view of the fact that the jury might find defendant's theory of an offer of guaranty was true, had complied with and completed the said offer of guaranty by mailing a notice of acceptance to defendant which would constitute lawful acceptance of said offer of guaranty. There is a certain amount of apparent inconsistency in the theories advanced by plaintiff; plaintiff first contends that the contract of guaranty was completed and accepted and notice of acceptance personally given to Kimball by Hutchinson, on behalf of plaintiff, at the hotel in Mitchell; and, secondly, the plaintiff also wants to place itself in a position to claim that in case the jury should find that defendant's theory of offer of guaranty was true, that plaintiff had also compiled with such offer by mailing notice of acceptance. This was the situation of the evidence upon which the trial court was required to instruct the jury. With this situation of evidence in mind, we are of the view that the instructions, as given, are substantially correct upon the propositions as to the acceptance of the contract of guaranty under the theories advanced by plaintiff and defendant. It will be observed that the court, by this instruction, in substance said to the jury that Hutchinson possessed authority to accept the guaranty on behalf of plaintiff, and that the jury should determine whether or not Hutchinson did accept the guaranty and inform Kimball of that fact, and that if he did, that would be sufficient acceptance. We are of the view that this instruction, fairly construed, shows that the court submitted to the jury the question of fact as to whether or not Huchinson accepted said guaranty, and not the question of law resulting from said finding. Acceptance is an ultimate issuable question of fact. As to whether certain evidence—certain facts— constitute acceptance is a question of law. The court submitted to the jury the truth or falsity of the evidence of Hutchison who said that he "accepted" the contract, and so informed Kimball. The exact language of Hutchinson was, "I told him I would accept it on behalf of M. E. Smith & Co." This testimony related to the fact of acceptance, and not to acceptance as a

proposition of law. It was the evidentiary fact of acceptance to which the court referred in these instructions. The plain meaning of this instruction is that if Hutchinson did accept said guaranty as a matter of fact and notified Kimball thereof, that that fact would constitute legal acceptance thereof. The court further instructed the jury that if Hutchinson did not accept the guaranty, then the jury should determine whether plaintiff itself accepted it by the mailing of a letter to defendant. Then the court in substance said to the jury that if said letter was mailed, as testified to by plaintiff's agents and officers, then such mailing was sufficient notice of acceptance. By this the court did not submit to the jury the question of law as to acceptance, but the question of fact as to whether or not the mailing was made, and in this connection told the jury that if they found the mailing was made, that that fact constituted legal acceptance. What the court submitted to the jury was, Was, as a matter of fact, any mailing at all made? That was a perfectly proper instruction under the well-established rules in relation to instructions. It is always proper for the trial court to instruct the jury hypothetically as to the legal effect of the evidence and of their findings of fact. The purport of this instruction was that if the jury found as a matter of fact that the letter was mailed, as claimed by plaintiff, that such mailing constituted acceptance.

[11] We are of the view that this question as to whether or not said letter was mailed at all was properly submitted to the jury. This testimony as to mailing was given by interested parties, officers, and employees of plaintiff, and the defendant had the right to have the truthfulness or credibility of such testimony submitted to the jury under the rule announced by this court is Share v. Coats, 29 S. D. 603, 137 N. W. 402, to the effect that the testimony of interested parties, although the same may be undisputed, should be submitted to the jury. In this instruction the court substantially placed before the jury the opposing theories surrounding the making of the said guaranty contract, where the court said to the jury:

"And as I say, if the relations of the parties were such, and the nature of the transaction was such, that it was naturally and reasonably to be expected that communications should be by letter," etc. (This is defendant's theory.) "But if you think the

transaction was such that the natural inference from the situation of the parties, their relation to each other, * * * that it was reasonably to be expected that notice should be personally given," etc. (This is plaintiff's theory based on what Hutchinson testified took place at the hotel at the time he claims to have personally accepted the offer of defendant.)

It is clear that, when the trial court in the instruction referred to acceptance "by personal messenger," he referred to the claim made by Hutchinson in his testimony to the effect that he personally accepted the guaranty at the hotel.

[12] There seems to be no question but what the evidence was sufficient to sustain the verdict. The theories on both sides were thoroughly and carefully tried out, and when kept in mind in considering these instructions, it will be found that the same were substantially right and covered all the propositions included in the requested instructions. In principle, instructions of this sort were held good by this court in Ewing v. Lunn, 22 S. D. 95, 115 N. W. 527, where this court held that although instructions were inaccurate in some respects, still they were not prejudicial when the entire charge of the court to the jury was considered as a whole, as the jury could not have been misled thereby.

Finding no error in the record, the judgment and order appealed from are affirmed.

SMITH, J. I concur in the views of Justice McCOY. The instructions so microscopically examined in the dissenting opinion are subject to criticism, but I am not convinced that the jury were or could have been misled thereby to the substantial prejudice of appellant. The jury were correctly instructed as to the law governing the acceptance of an offer of guaranty; that Hutchinson had authority to accept orally, and it was for the jury to say whether he did accept; but if Hutchinson did not accept orally, it was for the jury to say whether the plaintiffs mailed the letter of acceptance as claimed by them, and that mailing the letter would constitute a legal acceptance. I think the portion of the instruction relating to the acceptance "by personal messenger" had reference to the transaction wherein an oral acceptance by Hutchinson was alleged, and it certainly is not made to appear that the jury did not so understand it. The instruc-

tions might have been less involved and the issues more clearly defined, but it does not appear to any legal certainty that the jury were, or even might have been, misled thereby when the whole instructions are considered.

WHITING, J. (dissenting). In the majority opinion it is conceded that it is the rule of law that "where a party seeks to avoid a written contract confessedly admitted to have been signed by him, he must produce clear, satisfactory and convincing testimony that he was fraudulently misled into signing the same." An instruction so declaring was asked for by appellant. The majority opinion holds that, inasmuch as the trial court told the jury that "the evidence must be clear and satisfactory to them," it in effect complied with such request; the majority say that the instruction "substantially covered the rule in relation to clear, satisfactory, and convincing testimony upon the issue of fraud in such cases." I cannot agree with such holding. Even if the instruction that the evidence "must be clear and satisfactory" was substantially correct, which it is not, yet we have no right to take one paragraph from the instructions and disregard the remainder; these instructions should be taken as a whole, and, in order that they be sustained, it should appear therefrom that the jury were instructed that the evidence of fraud must be clear, satisfactory, and convincing. The words quoted from the instruction were used by the trial court when it first touched upon the subject of proof of fraud. The instructions were very long, and, after advising the jury as above, the court repeatedly advised it that all that was necessary to establish defendant's claim was that it be established by a "fair preponderance of the evidence." In recapitulating its instructions the court specifically announced that the defendant must prove his contentions "by a fair preponderance" of the evidence; and then in closing the court said:

"As I said to you in the beginning, the burden of proof is upon the defendant in this case to show that he was induced to sign this contract, this guaranty, through fraud and misrepresentations, without knowing the contents of the instrument. By burden of proof is simply meant the greater weight of the evidence. * * * The whole question is one of weight. Considering and analyzing it all, does the evidence in favor of the conten-

tion of the defendant that he was induced to sign this through fraud and misrepresentation, without knowing its contents, outweigh that of the other side and the presumption of law?"

Such instructions when taken as a whole absolutely fail to advise the jury that the burden was on defendant to "produce clear, satisfactory, and convincing testimony that he was misled into signing" the guaranty.

From a reading of that part of the instruction quoted by my colleagues which relates to acceptance of guaranty, it will be seen that the court first advised the jury as to the power of Hutchinson to accept the guaranty. This instruction was required by the testimony of Hutchinson to the effect that he had accepted the guaranty at the time the same was delivered to him. But the defendant had testified that, after the contract was executed by him and handed to Hutchinson, Hutchinson (instead of accepting same as he testified) said:

"This ain't what the company are looking for—if they accept it, you will hear from them in a few days."

With this testimony in mind and to present the case from the standpoint of an offer of guaranty that must be accepted by the plaintiff and notice of acceptance given defendant, the court advised the jury that the letter (claimed to have been written by plaintiff) would be a sufficient acceptance "as far as form is concerned." The court continued:

"The question then arises with reference to the mailing of it and the receipt of it by the defendant."

After this statement and immediately prior to the giving of the remainder of the instructions quoted by my colleagues, the court advised the jury as follows:

"Now I think the law is this, that where an offer of guaranty is made the implication is that notice of acceptance shall be given in a reasonable way. What kind of notice is required depends upon the nature of the transaction, the situation of the parties, and their relations in regard to the matter. If that is done which is fairly to be contemplated from the nature of the transaction and the relations and situations of the parties, it is sufficient. If they are so situated that communications by letter is naturally to be expected, then the deposit of a letter of acceptance in the mail is all that is necessary, no matter whether the

guarantor receives it or not.    But if upon the other hand the nature of the transaction and the relations of the parties and their relations to each other and the subject-matter is such that actual personal notice is reasonably to be contemplated and expected, then such notice must be given."

In effect the court said to the jury:    The offer of guaranty, if one was made as testified to by defendant, could not be accepted by mail if you think the situation such that personal notice of acceptance should have been given.    The court then instructed as to what proof would be sufficient to show notice of acceptance by mail, but followed it, as shown by the quotation found in the majority decision, by another instruction that notice of acceptance by mail was insufficient if the jury found that the "situation of the parties, their relation to each other, and the subject-matter" was such that "it was reasonably to be expected that notice should be personally given."    In effect the court told the jury that Hutchinson had power to accept the guaranty; that if, as testified by defendant, the guaranty was not accepted by Hutchinson, it must, to become binding, be accepted by plaintiff and notice of acceptance given defendant; that the notice contained in the letter was sufficient in form, but that even though the jury found such letter to have been properly mailed, yet it should find there was no valid acceptance, such as would convert an offer of guaranty into a contract, if it found that the "situation of the parties, their relation to each other, and the subject-matter" was such that "it was reasonably to be expected that notice should be personally given."    How the notice of acceptance could be given was a question of law to be determined by the court, and not for the jury.    There was no pretense that, if what took place between Hutchinson and defendant was as testified by defendant and a mere offer of guaranty, there had ever been any acceptance other than by the letter above referred to.    Under the instruction as given the jury could have found that defendant's testimony was true, that there was a mere offer of guaranty and not accepted by Hutchinson, that the plaintiff sent the letter, but that, as a matter of law, under the facts notice of acceptance could only have been given by personal messenger. An instruction that permitted the jury to so find was clearly wrong, and could not but be prejudicial to plaintiff.

GATES, P. J., concurs in the above dissent.