CARROL, Appellant, v. FOWLER et al (Fowler, Respondent).

(167 N. W. 145.)

(File No. 4241. Opinion filed March 26, 1918.)

1. **Taxation—Tax Title, Failure of to Recite Property Assessment, Effect, re Validity.**

   The omisssion of a recital in a tax deed, that the property described therein "had been duly assessed and properly charged on the tax books or duplicates for the year * * *," constituted a fatal defect appearing on the face of the deed.

2. **Same—Tax Title—Notice of Taking Deed, Signed by Land Company, Deed to President, Effect re Validity—Owner, Purchase at Tax Sale by, Effect.**

   Where a tax deed was issued to one who was president of a land company which signed notice of taking of the deed, and where said land company claimed to be the owner of the land so conveyed at time said president became owner of the tax sale certificate under which deed was issued, the tax deed was void.

3. **Appeals—Error—Quieting Title—Failure to Show Tax Title—Adverse Ownership, Findings—Prejudice.**

   Where, in a suit to quiet title, plaintiff failed to show tax title in himself, a finding that defendant, claiming ownership in fee through government patent, was without prejudice.

   Whiting, P. J., concurring specially.

Appeal from Circuit Court, Buffalo County. Hon. FRANK B. SMITH, Judge.

Action by James D. Carrol, against W. A. Fowler and others, to determine adverse ownership and claims to realty. From a judgment for defendant Fowler, and from an order denying a new trial, plaintiff appeals. Affirmed.

*T. J. Spangler,* for Appellant.

*A. E. Hitchcock,* for Respondent.

(1) To point one of the opinion, Appellant cited: Gibson v. Smith 24 S. D. 514.

Respondent cited: Pol. Code 1887, Sec. 1639; Rector and Wilhelmy Co. v. Malloney 15 S. D. 271; Horswill v. Farnham, 16 S. D. 414.

(2) To point two of the opinion, Respondent cited: Joy v. Midland State Bank 26 S. D. 244; 128 N. W. 152.

McCOY, J. Plaintiff, claiming to be free owner, instituted this action to determine adverse ownership and claim to a certain quarter section of land situated in Buffalo county. De-

fendant Fowler answered, alleging ownership in himself. Findings and judgment were in favor of defendant Fowler, and plaintiff appeals.

[1] Plaintiff, the appellant, claims to be the owner of said land under and by virtue of two certain tax deeds. The respondent claims to be the owner of said lands in fee under and by virtue of a patent from the United States government, and subsequent mesne conveyances. The trial court found that both tax deeds, under which appellant claims, were wholly void. The first tax deed under which appellant claims was issued to one Bowdle upon a sale of said lands, made on the 3d day of October, 1887, for delinquent taxes of the year 1886. It appears that the said tax deed so issued to Bowdle omitted the following words: "And had been duly assessed and properly charged on the tax books of duplicates for the year 1886." We are of the opinion that this omission constituted a fatal defect, appearing on the face of said deed. Rector & Wilhelmy Co. v. Maloney, 15 S. D. 271, 88 N. W. 575; Horswill v. Farnham, 16 S. D. 414, 92 N. W. 282.

[2, 3] The second tax deed under which appellant claims was issued to one Newcomer upon a sale for delinquent taxes made November 7, 1892, for the taxes of the year 1891. The notice of taking of the tax deed was signed by the Iowa & Dakota Land Company instead of by Newcomer. It also appears from the record that at the time the said Newcomer became the owner of the certificate of tax sale, on which said deed to him was based, the said Iowa and Dakota Land Company claimed to be the owner of said land under the said tax deed theretofore issued to said Bowdle, and it also appears that at the time the said Newcomer obtained title to said certificate of tax sale, and at the time said tax deed was issued to him, he was president of the Iowa & Dakota Land Company. We are of the view that under these circumstances the said tax deed so issued to said Newcomer was also void and of no effect whatever. Grant v. Burton, 26 S. D. 52, 127 N. W. 480; Joy v. Midland Bank, 26 S. D. 244, 128 N. W. 152. We are also of the opinion that there was no prejudicial error in the finding that the respondent is the owner in fee of the land in question.

Appellant also contends that he and his predecessors in in-

terest had been in possession of and paid the taxes on said land continuously for more than ten years preceding the commencement of this action. We are of the opinion that the evidence submitted fails to sustain this contention.

Finding no prejudicial error in the record, judgment and order appealed from are affirmed.

WHITING, P. J. (concurring specially). While I do not think the record herein sustains, in toto, the statement of facts found in the majority opinion, I am of the opinion that the record shows defendant Fowler to be, for reasons other than those stated in the majority opinion, the holder of at least the complete equitable title to said lands. I therefore concur in the result.