WILMARTH, Respondent, v. HILL, Appellant.

(226 N. W. 557.)

(File No. 6559.   Opinion filed August 3, 1929.)

See, also, 226 N. 'W. 560.

*McCoy & McCoy* and *Null & Royhl*, all of Huron, for Appellant.

*Chamberlain & Hall* and *Gardner & Churchill*, all of Huron, for Respondent.

BURCH, J. This action was commenced by the executrix of the estate of Albert W. Wilmarth under a complaint in the statutory form to quiet title to certain real estate in the city of Huron. The complaint charges among other things that the action is brought for the purpose of determining all adverse claims to such real property, quieting title thereto in the plaintiff, to recover possession of the real estate, and to recover the rents and profits thereof. It further alleges that defendant claims some right, title, or interest in the estate, but that such claim is without foundation in law or fact. The answer alleges that defendant is the owner in fee by virtue of a warranty deed executed and delivered to defendant by Albert W. Wilmarth. Plaintiff's reply to the answer alleges that the deed under which defendant claims was not a completed deed when executed; that it contained the name of no grantee therein; that other additions and alterations to said deed were made without the consent or knowledge of Albert W. Wilmarth after its execution and alleged delivery to the defendant; that defendant never paid any consideration for the deed; and, in substance, denies the execution and delivery of the deed.

To prove the issues made by the pleadings, plaintiff introduced in evidence the record and abstract of title showing all transfers and conveyances up to the deed to defendant, and rested. Without the deed to defendant, the title would appear to be in Albert W. Wilmarth. Defendant, to support her defense, offered in evidence a warranty deed to the premises signed by Albert W. Wilmarth, dated April 3, 1920, reciting a consideration of $10 and other consideration purporting to convey the premises to May H. Hill, de-

fendant. The deed was dated and acknowledged before a notary public on the 3d day of April, 1920. To the deed is attached $10 worth of canceled revenue stamps. Defendant also testified that she had been for many years connected with Albert W. Wilmarth as stenographer for him, that he was a lawyer, and that she and he were associated in business transactions in buying, selling, and dealing in real estate; that she was at the present time in possession of the property in dispute; that she had been in such possession ever since the date of the deed; that she had been in possession of the deed ever since its date; and that the deed is now in every respect in the same condition as when she first saw it on the 3d day of April, 1920, except the filing marks and revenue stamps. She was then questioned concerning the consideration, but that was objected to, and her evidence with reference thereto was excluded on the ground that, as a party to the suit, she is disqualified from testifying to transactions between deceased and herself. All evidence in reference to the consideration was excluded on that ground. Some evidence was introduced in the form of a check for $7,000, which she gave to Wilmarth on the same date, which was evidently intended to show by inference a payment of at least a part of the consideration. She also attempted to identify and introduced a book of accounts of the transactions between herself and Wilmarth in reference to the property, but this was also excluded. Some bank books were introduced showing the bank records concerning the $7,000 check, and there was some little evidence showing her participation in some repairs made on the property after the date of the deed. R. B. Hill, a brother of defendant, testified concerning some insurance policies on the property which he had issued as agent for insurance companies, and he said that in November, 1924, Wilmarth suggested that the policies should be made over to defendant, as she was then the owner of the properties. A will made by Wilmarth, dated June 24, 1918, devising a portion of this property to defendant, was also introduced in evidence. There is but little evidence, however, in the record, other than the deed from Wilmarth to defendant, dated April 3, 1920, to support her title.

To meet the evidence of defendant, plaintiff showed that Albert W. Wilmarth died on the 9th of December, 1924; that after his death she, as administratrix in gathering the assets of his estate and taking charge of the papers and documents belonging to Wil-

marth, found no books of account, and only some 20 or 30 canceled checks, a few tax receipts and tax lists of property. She then showed that Wilmarth had up to the time of his death paid taxes on the property and received the rents and had accounted for them in his income tax report to the internal revenue collector and paid income taxes thereon. She further showed that the property was worth some $17,000 on the date of the defendant's deed. There is considerable evidence in the record which would indicate that Wilmarth had dealt with the property as if it were his own (that is, the manner in which he handled it, his contracts in reference thereto, and his conduct were all consistent with ownership), and that such conduct and actions would be at least unusual if he were not in fact the owner. Plaintiff further showed that defendant had knowledge of many of the transactions of Wilmarth in reference to the property, that she had taken Wilmarth's acknowledgment to his income tax returns, and in at least one instance had prepared the income tax return as it was in her handwriting.

The trial court found in favor of plaintiff and entered judgment quieting title to the property in plaintiff, but saving to defendant the right to take as devisee under the will of Albert W. Wilmarth, subject to the right of possession of plaintiff for the purpose of administration; allowing plaintiff the rents and profits from all the real estate pending the determining of the administration and $215 per month rent from the 1st day of January, 1925, to the 1st day of January, 1927, in all the sum of $5,160, with interest; declaring the deed purporting to have been executed by Albert W. Wilmarth to defendant conveyed nothing to defendant and is void and of no effect, and that defendant acquired no right thereunder, and that said deed was never delivered to the defendant; and allowing costs to plaintiff.

From the judgment and an order overruling a motion for new trial, defendant appeals.

By a group of assignments of error, the sufficiency of the evidence to support certain findings of the court is challenged. The situation is this: Respondent, to establish her case, introduced evidence of the title down to and including a conveyance of the real property to Albert W. Wilmarth, now deceased, but did not bring the record title down to the date of trial. Appellant, claiming through Wilmarth, did not dispute the evidence of title in Wil-

marth at the time shown by respondent's proof, but showed subsequent title in herself under and by virtue of a warranty deed, executed by said Wilmarth, duly acknowledged and later recorded, conveying the property to her.

Upon this showing appellant might have rested her case and left it to the executrix to attack the title as best she could. Appellant, however, seems to have been willing to assume a burden not at that time upon her, and attempted to prove the consideration for the deed, the time and manner of its payment, and the transaction between herself and Wilmarth, but was not permitted to do so over the objection of respondent that she was disqualified as a witness to such transaction because she was a party to the action brought by the executrix. Thus we have no particular transaction to which appellant is bound, except her statement that she has been in possession of the property and of the deed since April 3, 1920. Respondent, instead of permitting appellant, or compelling her, if necessary, to tie herself to some definite and particular transaction to support her title, has seen fit to attack her title by evidence against the entire field of presumptions in her favor. Obviously, where there is no direct proof that the deed to appellant is not what it purports to be, or that it was not delivered, or had been materially altered, the circumstantial evidence must be much broader and comprehensive, for it cannot be confined to some specific claimed transaction, but it must negative any legitimate transaction that may have been made. Respondent had no direct proof that the deed was not delivered or of any other defect in the deed or in appellant's title. The proof submitted by the executrix was circumstantial. One circumstance is that the property was worth at the date of the deed $17,000, but without proof of what was paid by appellant that is meaningless. The deed recites $10 and other consideration. It is well known that the recital of the amount of consideration in a deed is not binding, but may be orally explained. Another circumstance is that Wilmarth after that date received the rents from the property and accounted for them in his income tax returns, and that this was known and acquiesced in by appellant. It seems to be assumed that this evidences acts of ownership by Wilmarth. It does if he took them under a claim of ownership of the land, but it does not if he took them under the contract of sale as a part of the consideration. Without proof of what the transaction

was, such proof sinks into insignificance. There is proof that Wilmarth listed the property for taxation and paid taxes thereon long after the date of the deed. This may be deemed strong evidence that Wilmarth claimed to own the property, and, if it may also be considered in connection with his action in taking the rents and accounting for them in his income tax, it may indicate the rents were also taken by Wilmarth under a claim of title to the property; but this one fact of listing the property can hardly support a judgment defeating all rights of appellant. One cannot acquire real property by claiming it, nor are such claims binding upon appellant. Such claims are mere evidential circumstances from which the court must determine by proper inference who is the true owner. Appellant's relation with Wilmarth was such, she having been with him for many years as a stenographer and a business associate in real-estate transactions in which both were jointly interested, that either might hold the legal title to property in which the other had an interest. Wilmarth's conduct in reference to the property, with the full knowledge and apparent consent of appellant, strongly indicates that he had an interest fully recognized by appellant, and which she cannot deny his estate. But that such interest was a full unincumbered fee right is not so apparent. Those circumstances do not prove appellant's deed was never executed, or never delivered, or that it was materially altered.

■ ■ It does not seem to be seriously contended that the signature on the deed is not the signature of Wilmarth in his own handwriting, and its acknowledgment on the date it bears seems to be well established, and that is prima facie evidence of its delivery. I C. J. 784, § 80. If it be true that Wilmarth, while holding the legal title in fee, transferred it to appellant, she thereby acquired the legal title. If it is only a naked legal title, she should now reconvey it to the estate, but, if she has any beneficial interest, a court of equity should not deprive her of it. To determine the rights of both parties, the transaction should be shown. Respondent is attacking appellant's apparent title, and the burden is on her to show the claimed title is void, or, if not void, then the extent of the estate's interest under appellant's title. As we have pointed out, the evidence is insufficient to show the deed is void, but it strongly tends to show the estate has an interest in the property. Appellant is not bound by Wilmarth's claims, except in so far as her actions

with full knowledge of his claims amount to an admission of such claims. There is no direct proof that Wilmarth claimed to be the owner. On the contrary, there is some evidence that he said on several occasions that the property belonged to appellant. He did, however, list the property for taxation and pay taxes thereon. This would indicate a claim of ownership, but not necessarily unincumbered. He received the rents and reported them in his income tax returns. This would indicate he claimed a right to the rents as his own, but by what right or agreement with the record owner it does not disclose. Except that appellant in her answer says she claims the title in fee, we do not know what interest she claims. We cannot say that her conduct towards the property and her permitting Wilmarth to receive the rents or even to pay taxes thereon is inconsistent with her having some interest in and right to the property. If appellant had explained her position and the evidence disproved her claim, we might say she did not acquire the property or any interest in it as she claims, and therefore she has no interest, for we will not presume she acquired the property in any other manner. But, as the case stands, we cannot do that. She has an apparent title of some character, and the evidence is insufficient to prove that she has no interest of any character. Respondent, by closing appellant's mouth, missed an opportunity to fix appellant's position, whereby the evidence could be focused upon disproving her explanation, and assumed the greater burden of disproving all right and claim of appellant to the property. As the judgment must be reversed, we do not deem it necessary to consider other assignments of error.

The judgment and order appealed from are reversed.

POLLEY, and BROWN, JJ., concur.

CAMPBELL, J. (concurring specially). Respondent having failed to sustain by competent evidence the issues upon which she had the burden of proof pursuant to her complaint and reply, I concur in the view that the judgment and order appealed from should be reversed.

SHERWOOD, P. J., not sitting.