HILLS, Respondent, v. HILL, et al, Appellants.

(237 N. W. 769.)

(File No. 6923.   Opinion filed August 3, 1931.)

J. H. *McCoy*, of Longview, Wash., and *Max Royhl*, of Huron, for Appellants.

*Chamberlain & Hall* and *I. A. Churchill*, all of Huron, for Respondent.

RUDOLPH, J.   The facts in this case are in many respects similar to the facts in the cases of Wilmarth v. Hill, 55 S. D. 410, 226 N. W. 557, and Wilmarth v. Hill, 55 S. D. 417, 226 N. W. 560. This action involves the title to property described as lot 12 of black 3, Fisher & Foster's First addition to the town (now city) of Huron, Beadle county, S. D.   The plaintiff, who is administrator with the will·annexed and successor to the executrix of the estate of Albert W. Wilmarth, deceased, claims that the deceased. Wilmarth, purchased the property from Bessie L. Hill, that Bessie L. Hill executed a warranty deed with the name of the grantee

left blank and delivered to deed to the said Albert W. Wilmarth; that the said Wilmarth immediately went into possession of the said property, caused to be erected thereon valuable improvements, leased the property, collected the rents and profits arising therefrom, paid the taxes and insurance premiums thereon, and in fact exercised sole and exclusive possession thereof until his death on the 9th day of December, 1924. The plaintiff further alleges that the defendant May H. Hill, without right or authority, wrongfully inserted her own name as grantee in said deed, had the same recorded, and now claims to be the owner thereof. The plaintiff asked for a decree that the deed recorded by May H. Hill be canceled and that the defendant Bessie L. Hill convey the said property to the estate of Albert W. Wilmarth, deceased, that May H. Hill, under and by virtue of said deed recorded by her, holds title to said real estate in trust for the plaintiff, and that the defendant May H. Hill be required to convey said real estate to the plaintiff, and further, that the defendant May H. Hill account for the rents and profits collected from said premises since the death of Albert W. Wilmarth. May H. Hill claims to be the owner in fee, and the defendant Bessie L. Hill disclaims any interest in the property at this time. The trial court found in favor of the plaintiff and entered an appropriate decree. Defendants appeal from the judgment and an order denying a new trial.

██ The defendant first complains of certain evidence admitted by the trial court. The case being tried to the court, it will be presumed only competent evidence was considered by the trial court in arriving at his conclusions. Much of the evidence of which appellant complains, consisted of actions of the deceased Wilmarth which tended to show that he was the owner of this particular property. For example, it was shown that Wilmarth rented and collected the rents from this property over a period of many years, that he paid taxes on it, that he paid for the lumber bill on account of a new house being built on the premises, that he insured the property in his own name, and other similar testimony all tending to show that the deceased Wilmarth exercised dominion and control over the property in such a manner as to indicate ownership. Whether this testimony should or should not have been, in the first instance, admitted by the trial court, it is not necessary for us now to decide. The defendant claimed an

agreement between herself and Wilmarth whereby she contended Wilmarth was to furnish the money for the building of the house on the premises, was to collect the rents, and pay the expenses in connection with the rental of the said premises. To establish her claimed agreement with Wilmarth she introduced into evidence books and records purporting to show an account between herself and Wilmarth, wherein Wilmarth was credited with expense on the property each year. In the brief of the appellant on page 137 thereof, the appellant states: "The fact that Wilmarth made leases, collected rents, paid insurance and taxes, and made repairs, all in his own name, is fully explained and accounted for on the theory that he had an agreement with May H. Hill to do so." In other words, the defendant May H. Hill, in attempting to show her agreement with Wilmarth, contended for those very things which she objected to the plaintiff proving. Therefore she is now in no position to complain.

The appellant next contends that there is no sufficient evidence in the record from which the court could find that the deceased, Wilmarth, paid the consideration for the purchase of the property. However, it is undisputed that Wilmarth paid all of the money that went into the erection of the house on the said premises. It is further undisputed that the original purchase price of the said lot was $1,000. There was introduced into evidence bank records showing that on April 3, 1920, Wilmarth's account in the bank was charged with $400, on April 8, 1920, his account was charged with $600. The deed in question was dated March 31, 1920, and was claimed to have been delivered by Bessie L. Hill on April 8, 1920. On the same day that Wilmarth's account was charged with the $400, the savings account of Bessie L. Hill is credited with $400, and on the same day that Wilmarth's account is charged with $600, May H. Hill's account is credited with an item of $670, and on this date May H. Hill paid the sum of $600 less a few small expense items to Bessie Hill. The defendants attempt to explain the bank records set out above by claiming that these records referred to transactions other than the purchase of this property, but this record testimony, taken in connection with the fact that Wilmarth soon thereafter erected a substantial dwelling upon the said premises, paid for the same out of his own funds, thereafter leased the house to various parties, paid the taxes,

insured the house, and so far as the record discloses, exercised dominion over the property consistent with ownership, is sufficient when considered with all the other facts in the case to comply with the law adopted by this court that, in order to establish a resulting trust by parol evidence, the proof must be clear, satisfactory, and convincing. The record in this case is long and voluminous, and it is impossible to set out in detail all of the evidence; it is sufficient to say, however, that the evidence disclosed by the bank records, when considered in view of all of the evidence submitted in this case, clearly and satisfactorily indicates to our minds that the deceased paid the consideration for the purchase of the lot in queston.

The appellant further contends that the evdence as a whole is insufficient to support the decree. The defendant May H. Hill was for about twenty-seven years associated with Wilmarth as his stenographer and business associate. Wilmarth and May H. Hill were associated in a number of real estate transactions, and during all of the time that May H. Hill was in the employ of Wilmarth she was familiar with and conducted personally a large part of his business, she signed his name to many checks, and had charge of many of his business matters, and had access to all files and the safe in Wilmarth's office. The title to the property up until the time of the deed in question in this action was executed, was in the defendant Bessie L. Hill, who was a sister of May H. Hill. The acknowledgment upon the deed was taken by R. B. Hill, a brother of the defendant May H. Hill. While it was claimed that the deed was delivered to May H. Hill at the time that it was executed, it is unexplained why it was withheld from record until a time about six hours after the death of Albert W. Wilmarth. R. B. Hill testified that at the time he took the acknowledgment there was no grantee named in the deed. Nowhere in the testimony does the defendant attempt to say how or when her name came to be inserted in this deed, although both she and Bessie L. Hill testified that her name was in the deed at the time that it was claimed to have been delivered by Bessie L. Hill to her. There was evidence tending to show that the name of the grantee, May H. Hill, was written with a different typewriter than the one used in writing the other portions of the body of the deed and that the name of the grantee stood out from the face of the deed and the typewriting of the name looked fresher than other portions of

the deed. There was also evidence to the effect that the ink used in canceling the revenue stamps thereon was much fresher than that used in affixing the signature to the deed.

■ May H. Hill claims an agreement with Wilmarth wherein she claimed Wilmarth was to furnish the money for erection of this house and that thereafter he was to collect the rents from this and certain other property, and pay taxes, insurance, and expenses, and retain the net proceeds that he collected until he had been repaid for the money advanced. She further claims that at the time of his death he had been repaid. However, the evidence introduced in support of the agreement was not clear or convincing, and the claimed agreement itself was in many respects so unusual as to demand the scrutiny of the court. It appeared that, at the time that May H. Hill claimed Wilmarth was to advance money and to look after and manage this property for her, she had considerable money of her own, and rented and managed a large number of other properties. The evidence disclosed that May H. Hill was a competent business woman of some considerable means. It was contended that Wilmarth was to furnish this money, the repaying of which was to continue over a period of years, but there was no allowance of any kind made to Wilmarth on account of interest. We believe the rule announced in the case of In re Tjarks' Estate (State v. Nieuwenhuis), 55 S. D. 636, 227 N. W. 84, 85, was especially applicable to this case as an aid to the trial court in determining what were the real facts. That rule is as follows: "Where the only person who could directly dispute a witness is dead, the testimony of that witness should be clearly scrutinized, its reasonable probability should be carefully considered, and, for this purpose, attention should be given to the circumstances surrounding any transaction which the witness may narrate, and his testimony compared with all inferences derivable from all the established facts. Re Bailey, 111 App. Div. 909, 98 N. Y. S. 725. To accept the testimony of appellants' witnesses as conclusive, we would be obliged to find that the testimony was not improbable, and that none of the proven circumstances of fact tend to discredit or raise substantial doubts as to the verity of the same. In short, we may consider that the testimony offered by appellants is not directly contradicted or denied by any witness of respondent, and yet we would have to consider whether there are any permissible deduc-

tions, by way of inference, which may be drawn from any of the evidence to raise a substantial doubt as to the truth of appellants' showing."

In this case, as in Wilmarth v. Hill, 55 S. D. 417, 226 N. W. 560, 561, supra, "the court heard the evidence, was able to see and hear the witnesses, to see the original instruments as they were introduced in evidence, and we cannot say that a preponderance of the evidence is against his findings.".

The judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, ROBERTS, and WARREN, JJ., concur.