BROWN, Appellant v. WARNER et al., Respondents

(107 N.W.2d 1)

(File No. 9841. Opinion filed January 14, 1961)

**Gunderson, Farrar, Carrell & Aldrich,** Rapid City, for Plaintiff and Appellant.

**Sieler & Brady,** Rapid City, for Defendant and Respondent, Merlon A. Warner.

**Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Defendant and Respondent, Margie McVay.

**Helm, Morman & Coacher,** Sturgis, for Defendant and Respondent, Dale Gage.

RENTTO, J. This is an action to determine adverse claims to real estate in Pennington County, South Dakota. While plaintiff had succeeded to the legal title to the areas involved in this appeal, previously acquired by her husband by purchase from the county, the trial court determined that she held the same in trust for the defendants. Her appeal is limited to this feature of the judgment. Consequently, we are not here concerned with any claims that the third-party defendants might have in the premises.

Thos. G. Warner at the time of his death on April 18, 1918, was the owner of real estate located in Sec. 4, Twp. 1 S., R. 17 E. Under his will which was duly probated his widow Lella E. Warner succeeded to a life estate in all of it, with the remainder to his four children. The life tenant died on September 2, 1954 and proceedings were had terminating her life estate. At the time of this litigation the reversionary title to the N½ SW¼, created by said will, was vested in Dale Gage and Margie J. McVay and that in the SE¼ SE¼, N½ SE¼, and SE¼ NE¼ in Merlon A. Warner. These two tracts of 80 and 160 acres respectively are the only lands involved in this appeal.

A treasurer's deed to the 160-acre tract was issued to Pennington County on December 10, 1938 for nonpayment of the taxes for the year 1932. On April 4, 1946 the county sold and conveyed the same to Harrell C. Warner, then the husband of the plaintiff. On October 13, 1943, a treasurer's deed to the 80-acre tract was issued to the county nonpayment of the taxes for the year 1937. This tract it conveyed to him on December 31, 1948. On the death of Harrell C. Warner on September 22, 1951, plaintiff succeeded to his interests in these tracts. It is her claim that these purchases from the county while taken in his name were made with her money. The validity of the tax deed proceedings by which the county acquired these tracts is not in issue.

The areas here in question, together with other lands, constituted what is referred to in the evidence as the Warner ranch. Under the will of his father, plaintiff's husband had a remainder interest in a 40-acre tract of these other lands.. After the marriage of plaintiff and Harrell in 1926 they made their home on the ranch until February 1932. They returned to the ranch in March of 1933 and remained until June of 1948. The court found that during this latter period they occupied the premises by virtue of an oral lease with the life tenant. It also found that by the terms of that lease they were to pay the real estate taxes on the tracts in question. This they failed to do. The trial court was of the view that because of their obligation to

pay the taxes they were disqualified to purchase the title growing out of such nonpayment.

It seems a well-recognized rule that one under a legal or moral obligation to pay the taxes is not in a position to become a purchaser at a sale made for such taxes. A purchase made by one so situated is treated as a payment of the taxes. If the husband is disqualified to purchase, so is his wife. Graut v. Burton, 26 S.D. 52, 127 N.W. 480; Carrol v. Fowler, 40 S.D. 244, 167 N.W. 145; 85 C.J.S.Taxation § 809; 51 Am.Jur., Taxation, § 1054. A tenant under contractual obligation to pay taxes is included within this proscription. 51 C.J.S. Landlord and Tenant § 276; 32 Am.Jur., Landlord and Tenant, § 118; 172 A.L.R. 1187. Nor is a tenant relieved of this disqualification because his lease is with the life tenant rather than the fee owner. 17 A.L.R. 400; 33 Am. Jur., Life Estates, Remainders, etc., § 443. This bar likewise prevents a tenant so obligated from buying the land from the county after it has acquired the same for taxes.

Plaintiff's principal contention is that the court erred to her prejudice in finding that under this lease they were obligated to pay the taxes. One contention is that the evidence on which this finding rests was not admissible. She further argues that even if it was admissible it was not sufficiently persuasive to permit the declaration of a trust.

The only evidence in the record that Harrell and plaintiff, as lessees, obligated themselves to pay the taxes was that of the defendant Merlon Warner. He stated he was present at a conversation in 1933 or 1934 when his mother, the life tenant, and Harrell discussed their lease arrangement. When asked "What was the conversation?" he stated "He was giving mother a third of the alfalfa seed, and paying the taxes on the place." He also testified to another conversation between them that took place in 1943. The substance of this was that Harrell was still in default on the taxes but he could remain on the place if he eventually paid them, which he agreed to do.

It is argued by the plaintiff that this evidence was hearsay. That it is, but there are well recognized exceptions to the rule. One of these concerns statements of fact against interest. Wigmore on Evidence, 3d Ed., § 1455; McCormick on Evidence, § 253. The rationale of this exception is stated thus by Wigmore:

"The Exception requires, like most of the others, first, a Necessity for resorting to hearsay * * * *, i. e. the death of the declarant, or some other condition rendering him unavailable for testimony in court; and, secondly, a Circumstantial Probability of Trustworthiness * * * ,—in this instance, the circumstance that the fact stated, being against the declarant's interest, is not likely to have been stated untruthfully."

From this it is to be observed that the facts stated must be against the interest of the declarant and he be unavailable as a witness. The interest of the declarant which the statement is against must be either proprietory or pecuniary. Further, the statement must be one of fact and as is the case with witnesses generally it must relate to a matter of which the declarant is personally cognizant and as to which he had no probable motive to falsify. Whether these foundational requirements are satisfied is a matter committed to the discretion of the trial judge. We think the trial judge did not abuse his discretion in admitting this evidence. The reasoning in A n s t e d v. Grieve, 57 S.D. 215, 231 N.W. 912; 58 S.D. 245, 235 N.W. 648, urged by plaintiff, is inapplicable in the circumstances here present.

Prof. Scott in his work on Trusts, 2d Ed., at section 40.1 indicates that courts as a general rule refuse to enforce an oral trust that is proved by only a mere preponderance of the evidence and require that it be established by evidence that is clear and convincing, but in section 462.6 he argues that this is asking too much of the one seeking to establish the trust. See also Bogert Trust and Trustees, § 49. This court is committed to the general rule. See cases listed in the Annotation in 23 A.L.R. at p.

1513, and Hills v. Hill, 58 S.D. 556, 237 N.W. 769; Jones v. Jones, 67 S.D. 200, 291 N.W. 579; Scott v. Liechti, 70 S.D. 89, 15 N.W.2d 1; Kelly v. Gram, 73 S.D. 11, 38 N.W.2d 460; Lenker v. Musilek, 75 S.D. 60, 59 N.W.2d 417; Krager v. Waage, 76 S.D. 395, 79 N.W.2d 286, 289. In some of these cases it is said that the evidence must be "clear, satisfactory and convincing", in others "clear and convincing". These are the designatons most often used in our cases and it seems to us that these terms for all practical purposes indicate substantially the same measure of proof. Smith & Co. v. Kimble, 38 S.D. 511, 162 N.W. 162, 163. The authorities in this field seem to prefer the term "clear and convincing".

■ As is the case with so many other terms used in law, this one too is easier of statement than definition. We are persuaded from our study that the term "clear and convincing" does not lend itself to preciseness in definition. It is pretty much a relative term. See McCormick, supra, § 320; 7 Words & Phrases, p. 624; 23 A.L.R. 1500. The measure of proof required by this designation falls somewhere between the rule in ordinary civil cases and the requirement of our criminal procedure, that is, it must be more than a mere preponderance but not beyond a reasonable doubt. It is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegation sought to be established. Evidence need not be voluminous or undisputed to accomplish this.

On the issue of whether plaintiff and her husband agreed to pay the taxes on these premises the evidence is rather brief. Relative to this matter plaintiff testified that when she and her husband first leased the premises in 1926 they agreed to pay the taxes and give the life tenant half of the alfalfa seed; that when they moved back to the ranch in 1933 this arrangement was changed so that while they had the entire premises on which to run some cattle, they were to pay the taxes on only the land in which her husband had the remainder interest. In addition the alfalfa seed in which the life tenant shared was only

that from their reversionary land. The only evidence bearing directly on such issue consists of this testimony by the plaintiff and the two conversations testified to by Merlon.

Whether the evidence in a given case is clear and convincing is a question in the first instance to be determined by the trial court. Because of this participation in the proceedings he is in a better position than are we to evaluate its persuasiveness. It is not our function to substitute our judgment for his but rather to determine whether his findings are based on evidence which we can say meets the minimum standards of being clear and convincing, bearing in mind that it is for him to determine the credibility of the witnesses and the weight and value to be given their testimony. When he determines that the evidence is sufficient to warrant the imposition of a trust we may not disturb his conclusion unless we can say after an examination of the entire record and all the circumstances surrounding the transaction that the clear preponderance of the evidence is against his determination. Medin v. Brookfield, 66 S.D. 209, 281 N.W. 97. That we are unable to do in this case.

We have considered the other errors urged but feel that they are not meritorious.

Affirmed.

All the Judges concur.