TUBBS, Respondent, v. CITY OF CUSTER CITY, Appellant.

(218 N. W. 599.)

(File No. 6243.   Opinion filed March 24, 1928.)

*Ed. L. Grantham,* of Rapid City, and *H. O. Hepperle,* of Aberdeen, for Appellant.

*H. M. Lewis,* of Hot Springs, for Respondent.

POLLEY, J. This is an appeal from an order overruling defendant's demurrer to plaintiff's complaint. The complaint alleges that during the year 1879 the plaintiff located a homestead on certain premises, then constituting a part of the public domain, adjacent to or adjoining the town site of the city of Custer; that he resided continuously upon said homestead until the year 1903, when a patent to said premises was issued to him by the government of the United States, and that plaintiff ever since has been and now is the owner in fee simple of said premises; that at all the times above mentioned there was located upon said premises certain springs of fresh water that were fed by percolating waters in and under the surface of said premises; that, though varying in volume, the flow of water from said springs was continuous; that from and after plaintiff's settlement upon said premises in the year 1879 he made use of and depended upon the waters from the said springs for domestic and agricultural purposes, and that said use was continuous and uninterrupted from said date down to the year 1902; that during the year 1892 plaintiff erected a large dwelling house on said premises and sunk a well to a considerable depth, which well was fed and supplied with water percolating through the soil on the premises of said land, and that the said water in said well and the water from said springs were used by plaintiff

for domestic and agricultural purposes and furnished plaintiff with a plentiful supply of water for such purposes until the same was interrupted by the acts of the defendant hereinafter set out; that on or about the year 1902 the defendant, by and through its agents and servants, entered into negotiations with the plaintiff whereby an agreement and arrangement was reached to the effect that the defendant might take and use for the use and benefit of the inhabitants of said city such quantity of water supplied by said springs and percolating through the soil of plaintiff's said land as plaintiff did not need for domestic and agricultural purposes upon his said premises; that under said arrangement defendant was to take water "only to the extent of the surplus and excess over and above such water as plaintiff desired to use or needed to use from said source, and, further, it was understood at said time, between defendant and plaintiff, that defendant should install hydrants or conveniences for obtaining such water from said supply for plaintiff, if the same should be found necessary or desirable by plaintiff; that, acting upon such permission, defendant caused a well to be dug on the private lands of plaintiff herein, over or near said springs, and caused a pump to be placed therein, connected by lines of pipe with a reservoir, which reservoir was connected by distributing mains or lines of pipe laid throughout the town site of defendant, from which mains or lines of pipe the inhabitants of defendant might draw their water supply, all of which constituted and now constitutes the water system of defendant"; that from and after the installation of said pump and pipe lines until the wrongful acts hereinafter complained of the defendant pumped water from the said springs for its water supply, but took only so much thereof as was in excess of the water used and needed by the plaintiff for the purposes above set out; that later on the defendant took said water in increasing amounts until it "drained the main springs in the vicinity of its well, and from time to time would lower the water in the spring under plaintiff's dwelling to such an extent as to cause plaintiff inconvenience and shortage in his water supply, and that on some occasions it was necessary for plaintiff to supplement, to some degree, his water supply from other sources," but that such occurrences were too infrequent to cause plaintiff material inconvenience; that the defendant gradually increased the quantity of water taken by means of said pump and pipe lines and practically drained the said water supply until about

the month of June, 1925, plaintiff, in order to secure a proper and sufficient supply of water, was compelled to and did lay a line of pipe and connect his house with the pipe lines of the said defendant and acquired his water supply in that manner and without charge or objection from the defendant until on or about the 5th day of January, 1926, the defendant claimed and demanded pay from the plaintiff for the water so used and threatened to cut off plaintiff's water supply entirely, unless he paid for said water as demanded by the defendant, and that, in order to obtain a water supply sufficient for his dwelling and other uses, he was obliged to, and did, comply with the said demand and pay for the water so used by him, but that he paid the same under protest and took a written receipt from the treasurer of the defendant city, showing that said payment was made under protest and the ground on which said protest was based; that the defendant threatens to and unless enjoined and restrained by this court will continue to harrass and oppress the plaintiff and compel him to pay for the use of water which belongs to him and is taken from his own premises.

Plaintiff prays judgment permanently enjoining and restraining defendant from further interference with the flow of so much of the water from the said springs as is necessary and desirable for the use of plaintiff on the said premises, for damages, his costs, and for general relief.

Defendant's demurrer is based upon the ground that the complaint does not state facts sufficient to constitute a cause of action. By its demurrer defendant admits all the foregoing facts, and it would seem that a mere statement of said facts is sufficient to show that plaintiff is entitled to the relief demanded in his complaint.

Defendant contends that plaintiff is not entitled to recover because at the time defendant first went upon the premises the title thereto was in the government. This is true, but it is not material. Plaintiff had a possessory right that afterwards ripened into a fee-simple title. Defendant recognized plaintiff's possessory right and entered upon the premises as a lessee or licensee of plaintiff and cannot now question plaintiff's title.

Defendant also contends that, having taken the water from plaintiff's premises for a period of some 23 or 24 years without objection, plaintiff is guilty of laches and cannot now

maintain this action. This contention is without merit because during all of this time defendant took only the water in excess of what plaintiff needed for his own use, and that, with the permission of plaintiff. It was only from about the month of June, 1925, to the month of February, 1926, that defendant appropriated water is violation of the terms of its agreement with plaintiff.

Defendant also contends that plaintiff is not entitled to the relief prayed for because no contract was ever entered into whereby defendant agreed to furnish palintiff with water. Plaintiff does not claim that any such contract was ever made—the only contract that was made was the permission given to defendant by plaintiff to take the water in excess of what plaintiff needed on his own premises.

Defendant next contends that plaintiff has not shown himself entitled to damages or to compel comdemnation proceedings. Plaintiff is not asking for damages nor for condemnation proceedings, but only to have defendant restrained from taking water in excess of the amount plaintiff gave it permission to take.

Defendant contends that plaintiff's complaint is bad because it contains evidentiary matters and recitals of negotiations and conclusions incompetent as evidence. This is a defect that cannot be reached by general demurrer.

Lastly, defendant contends that plaintiff has a plain, speedy, and adequate remedy in an action at law, either for damages or under the statute to compel condemnation, if plaintiff's rights have been invaded. There is no merit in this contention. Plaintiff could not compel condemnation proceedings in any event, and an action for damages would not afford adequate relief. The wrong complained of is a continuing wrong—a new cause of action arises every day and injunction is necessary to avoid a multiplicity of suits.

The order appealed from is affirmed.

SHERWOOD and BROWN, JJ., concur.

CAMPBELL, J., dissents.

BURCH, P. J. (dissenting). I am unable to agree with the majority of the court that the complaint states a cause of action for any purpose. The complaint is attacked by demurrer and this court ought not to indulge a too liberal construction. We should

hold to a rule consistent with good pleading and construe doubtful, ambiguous, and uncertain laguage against the pleader. The complaint is long with many redundant, immaterial, and evidentiary facts pleaded. The majority opinion does not set it out in full, but attempts to set out the substance. In a nutshell it amounts to this: Plaintiff owns a tract of land adjoining the city of Custer, on which he "permitted" the city. to build a portion of its water-works system; such portion being the source of the water supply containing the wells and pumps. The "permission" so often re-iterated and emphasized in the complaint was plaintiff's performance of a contract claimed to have been entered into between plaintiff and the city. The permission was granted with the un-derstanding that the city would not take water in such quantity as to interfere with his supply of water which he was then getting in a well, but, if it did take too much water and interfere with plaintiff's water supply, the permission was not revoked, but plaintiff might tap the water main and retake so much of the water as he wanted. That the city took so much that the supply of water in plaintiff's well was not sufficient for his needs and so he abandoned and filled up his well and tapped the city main and drew water from there without charge or molestation until the city finally demanded pay and threatened to cut off his water if he did not pay, whereupon he paid $17.50 under protest. That the action of defendant in requiring payment for the water was in direct violation *"of the executed parol understanding and agreement"* between plaintiff and defendant. That *"resting secure in his executed parol understanding and agreement"* he installed pipes and plumbing to connect with the defendant's main at an expense of $500. That "plaintiff is entitled to all and the whole of said water emanating from said springs and wells upon his said premises, should he desire or require the same, but that plaintiff * * * is ready and willing now that defendant use and continue to use all of the surplus and excess water above plaintiff's needs and desires. * * *."

The prayer of the complaint is in five paragraphs and shows what plaintiff seeks: First, he asks that defendant be permanently enjoined "from ever, in any manner, obstructing the full free flow. of water" into his line tapping the city main, and from in any manner charging plaintiff therefor; second, that defendant be en-

joined "from ever, in any manner, depriving plaintiff herein of any or *all* of the water \* \* \* "; third, for judgment for his expenditures in making the connection with defendant's main, including all pipes and plumbing belonging to him and for the water rental paid under protest; fourth, for costs; fifth, for such other and further relief as to the court may seem just, equitable, and proper in the premises.

If the prayer of plaintiff's complaint were granted, the city would be compelled to erect at its expense an elaborate waterworks system (and incidentally to furnish machinery, pumps, and men to operate it) for the primary use and benefit of Tubbs, a private person, with no right in the city, except to use such water as plaintiff might *permit*. I do not know how common it may be for private persons to make such contracts with cities as is contended for here, but I am quite sure the courts are not often appealed to to enforce such contracts, and until the decision reached in the majority opinion I would have been sure no appeal could be successful.

The majority opinion characterizes the possession of the city as permissive only and says that plaintiff does not claim there was a contract. He certainly alleges there was a contract. Above I have quoted and underscored the exact words of the complaint as to a contract. True, he has repeatedly said that the occupancy was permissive, as if there were some virtue and efficacy in a constant repetition of that conclusion, but his allegations of fact upon which he bases his prayer refute his conclusion. With all due respect to other members of the court, I insist that the complaint does allege a contract and its breach, and that contract and the breach thereof forms the basis for all the specific relief sought. Such contract is so obviously ultra vires and beyond the power of the city to make that no citation of authorities is necessary.

Under the facts pleaded plaintiff is entitled to no relief unless it be damages for taking or injuring his property. Such cause has not been properly pleaded. The sufficiency of the complaint has been challenged by demurrer and there is no need for a liberal construction in furtherance of justice, as the complaint may be amended, setting out such cause of action in unmistakable terms. The majority opinion does not limit the cause of action to damages, but appears to sustain the complaint as an action in equity.

I have not overlooked a possible suggestion that the complaint states a cause of action to recover water rent paid under protest. In my opinion the city has no power to furnish water free of charge to one user where a charge is made to others. I concede the city might pay for a right acquired and that the payment might be in water in lieu of cash. But some amount of compensation would have to be fixed. Under the pretext of acquiring a right to land for a waterworks system city officials could not give to one the use of water in unlimited quantities for unlimited time.

By injunction plaintiff seeks specific performance of a contract in which the city must pay for plaintiff's private lines of pipe leading to his dwelling house and ranch buildings, including plumbing, hydrants, and faucets, and connect them with its water main and then permit plaintiff to take *all* the water if he *desires* to do so. In consideration for which the city may have what water the plaintiff permits it to have. If that is not a private waterworks system built at public expense, I am unable to define it.

If when the remittitur of this court is sent to the circuit court, that court grants the relief prayed for and through an administration friendly or indifferent to such result, no appeal is taken, or if an appeal be taken and this court adheres to its decision here made as the law of the case, then despite the constitutional guaranty that taxes shall be levied for public purposes only, the citizens of Custer will be taxed to support a private water system and every washerwoman must pay proportionately more for her tub of water to maintain that system. If the majority of the court do not intend to say that the complaint states a cause of action to enforce the contract pleaded, I think the opinion should say what cause of action is sufficiently pleaded, thereby eliminating the uncertainties and ambiguities of the complaint on the trial and on another appeal if it comes to this court again.