CROMWELL et al., Plaintiffs v. HOSBROOK et al., Appellants
and ALLIED MUTUAL INS. CO., Garnishee and Respondent

(134 N.W.2d 777)

(File No. 10174.  Opinion filed May 3, 1965)

**Charles Lacey,** Sioux Falls, for defendants and appellants.

**Woods, Fuller, Shultz & Smith,** and **Arlo D. Sommervold,** Sioux Falls, for plaintiffs.

**Davenport, Evans, Hurwitz & Smith,** and **Robert C. Heege,** Sioux Falls, for garnishee and respondent.

HOMEYER, J. Plaintiffs, Cromwell and Zornes, recovered judgment against the defendants, Hosbrook and Berg, for property damages resulting from their negligence. After judgment they invoked garnishment proceedings to collect from the garnishee defendant, Allied Mutual Insurance Company, under a policy of insurance it had issued to Hosbrook. The garnishee

defendant denied liability and issue was taken thereon. A jury returned its verdict in favor of plaintiffs. The garnishee defendant moved for judgment n. o. v. which was granted. Defendants, Hosbrook and Berg, appeal from the order and judgment notwithstanding verdict.

The accident happened in the State of Wyoming about five miles west of Gillette on July 31, 1961. Geographically this was outside the permissible operating area stated in the policy. The policy was issued on May 9, 1961, for a period of six months with the following territorial limitation endorsement, viz:

"In consideration of the premium at which this Policy is written, it is agreed that the Policy shall be effective only while any truck specified and described therein is being operated within a radius of 75 miles of the place of principal garaging of such truck. * * * It is further agreed that the Policy shall be effective also while any truck specified and described therein is being operated within a radius of 75 miles of the base of operations of such truck, providing such operations are within the boundary of the State of South Dakota. * * *"

It also contained the following standard provision:

"22. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by a duly authorized representative of the company."

The prime question presented is whether the evidence will support an estoppel to deny coverage. We review the evidence in that perspective.

Oliver A. Gottschalk, owner and manager of his own insurance agency, was a licensed resident agent of Allied in South Dakota since at least May 1, 1954. Hosbrook had carried his

insurance with the Gottschalk agency for about six years before the accident. Two gravel trucks were described in the policy. Hosbrook testified he knew of the territorial limitation on usage of his trucks; that on July 11, 1961, he stopped at the Gottschalk office in Brookings to tell them he was moving to Wyoming the next day and to pay his insurance account; that he had a conversation with Oliver A. Gottschalk at which his secretary, Bonnie Lee Hanson, was present; that he paid his account in full and was issued a receipt by Mrs. Hanson; that Gottschalk was told Hosbrook was going to Wyoming to haul gravel and Gottschalk told Hosbrook that he would be covered; that after the accident Hosbrook telephoned Gottschalk from Gillette, Wyoming, informing him of the accident and was told that the company would be notified; that he could not recall other details of the telephone conservation.

The deposition of Bonnie Lee Hanson, a witness for plaintiffs, was taken at Anchorage, Alaska, on January 10, 1964; a part of it was read on trial. Mrs. Hanson testified that she worked for Gottschalk about two years—until January 1962; that she had known Hosbrook for some length of time and their families were very friendly; that her husband used to work for Hosbrook; that she corroborated Hosbrook's testimony in most respects and said that "he (Gottschalk) told him (Hosbrook) that he would automatically be covered and that all we had to do was notify Allied that he would be going to Wyoming, and that we'd take care of it for him"; that if there was any additional premium charged it would be mailed to him; that it was necessary to write to the company to extend the coverage; that she had no knowledge of such a letter being written to Allied.

Gottschalk denied that he had any conversation in which he told Hosbrook that he would be covered in his operations in Wyoming. He further testified that he first became aware of such Wyoming operation when the accident was reported; that prior to the happening of the accident he had never notified or informed Allied that Hosbrook was operating vehicles in Wyoming.

■ Appellants rely principally upon the recent case of Farmers Mutual Automobile Insurance Company v. Bechard, 80 S.D. 237, 122 N.W.2d 86. In Bechard after a detailed and extensive recitation and analyses of undisputed facts which left no doubt as to a false representation of coverage by a resident agent, this court said:

> "We conclude an insurance company which in its policy has written the generally broad coverage may be estopped to defend by reason of an exclusionary clause not within the terms the insured ordered and coverage which he was led to believe was contained therein. Craig v. Nat. Casualty Co., 76 S.D. 349, 356, 78 N.W.2d 464, 468; Flanagan v. Sunshine Mut. Ins. Co., 73 S.D. 256, 260, 41 N.W.2d 761, 763. The evidence to support the granting of relief, however, should be clear and convincing. Employers' Liability [Assur.] Co. [Corp.] v. Madric, (1962) Del., 183 A.2d 182, reversing Del.Super., 174 A.2d 809; cf. Craig v. Nat. Cas. Co., supra, and Conard v. Auto-Owners Ins. [Mut.] Co. [254 Iowa 157], 117 N.W.2d 53, where rule recognized."

This is the general rule where relief is sought by reformation and is equally appropriate where the form of the action is one at law or by use of ancillary proceedings. In effect the relief sought, irrespective of the form of the action, is to reform the insurance contract to provide coverage which did not exist under the contract as written.

■ Enforcement of oral trusts in this state are predicated on "clear and convincing" evidence, Kelly v. Gram, 73 S.D. 11, 38 N.W.2d 460, or "clear, satisfactory and convincing" evidence. Scott v. Liechti, 70 S.D. 89, 15 N.W.2d 1; Krager v. Waage, 76 S.D. 395, 79 N.W.2d 286. Claims against estates for personal services rendered decedents have been categorized as necessitating proof by clear and convincing evidence, Douglas v. Beebe, 46 S.D. 559, 195 N.W. 165; Mahan v. Mahan, 80 S.D. 211, 121 N.W.2d 367, and jury awards allowing such claims have been nullified because the required degree of proof was lacking.

■■ The quality of proof to be clear and convincing is "somewhere between the rule in ordinary civil cases and the requirement of our criminal procedure, that is, it must be more than a mere preponderance but not beyond a reasonable doubt." Brown v. Warner, 78 S.D. 647, 107 N.W.2d 1. Its technical meaning has been expressed as "the witnesses must be found to be credible, that the facts to which they have testified are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct and weighty and convincing as to enable either a judge or jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." Tapler v. Frey, 184 Pa.Super. 239, 132 A.2d 890; Restatement of the Law, Contracts, § 511; 20 Am.Jur., Evidence, § 1253; 45 Am.Jur., Reformation of Instruments, § 116. The rule is a salutary one and operates to prevent the promiscuous substitution of parol for written contracts upon loose and unsupported claims that the coverage is other than as evidenced by the writing. Nevertheless, such proof need not necessarily, be voluminous or undisputed. Brown v. Warner, supra.

■■ In order to constitute an equitable estoppel, or estoppel in pais, false representations or concealment of material facts must exist; the party to whom it was made must have been without knowledge of the real facts; that representations or concealment must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied thereon to his prejudice or injury. Lambert v. Bradley, 73 S.D. 316, 42 N.W.2d 606; 19 Am.Jur., Estoppel, § 42. There can be no estoppel if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence. Farmers Mutual Automobile Ins. Co. v. Bechard, supra; Stookesberry v. Burgher, 220 Iowa 916, 262 N.W. 820.

■ The case was submitted to the jury on instructions which allowed the jury to find an estoppel if the necessary elements were established by a preponderance of the evidence. This is not the rule set forth in Bechard. The trial court in ruling on a motion for directed verdict, and this court in reviewing

the same, are governed by true principles of law rather than the law of the case subsequently declared in the instructions. Baker v. Jewell, 77 S.D. 573, 96 N.W.2d 299; Federal Lank Bank of Omaha v. Houck, 68 S.D. 449, 4 N.W.2d 213. Obviously, in granting judgment n. o. v. the trial court must have decided the quality of proof did not measure to what was necessary to establish an equitable estoppel. We hold the trial court did not err in so concluding.

■ Contrary to Bechard, here we have a sharp dispute in the testimony. In Bechard the false representation as to coverage originated with the policy and the insured and his wife were led to believe that the risk resulting in death was covered upon issuance of the policy. In the instant case Hosbrook knew of the territorial limitation and either knew or should have known that Gottschalk was without authority to change the terms of the policy, except by another endorsement. Evidence of the need to write the company implies absence of coverage and lack of the agent's authority to establish coverage without home office approval. Clarity and conviction are also lacking when Hosbrook testified Gottschalk told him he "would be covered" in the Wyoming operation and the witness, Mrs. Hanson, first testified Gottschalk said he "would be automatically covered" and later testified it was necessary to write the company to extend the coverage and if there was an additional premium it would be mailed to him. She admitted she never wrote Allied and had no knowledge of such a letter being written. Gottschalk positively denied any such conversation or knowledge of the Wyoming operation until after the accident happened.

The evidence also establishes Gottschalk as an experienced insurance man licensed since 1948. Twenty days elapsed between the claimed conversation and the accident. More than ample time intervened to secure the necessary endorsement. With both parties cognizant of an absence of coverage and with knowledge of Hosbrook's intended departure for Wyoming the next day (accepting appellants' version), deductions that infer concealment and misrepresentation, and reliance thereon, and the other perquisites for an equitable estoppel, do not meet the quality and standard of proof required by our rule.

■ Appellants also assert a change in the policy was effected by a valid oral agreement. This theory was not urged in the trial court and was not submitted to the jury. It was advanced for the first time on appeal. Appellants cannot now raise this theory. Voeller v. Geisler, 77 S.D. 96, 86 N.W.2d 395. Nevertheless, we doubt the sufficiency of the evidence to establish the necessary elements for a change of a written contract by an executed oral agreement. SDC 10.0806.

Affirmed.

All the Judges concur.