Gertrude TAYLOR, Plaintiff
and Appellee,

v.

Edwin C. TRIPP III and Irene E. Tripp, Individually and as husband and wife, Bank of Belle Fourche, Spearfish Branch, a South Dakota Corporation, Defendants and Appellants,

and

City of Spearfish, a Municipal Corporation, Lawrence County, a Political Subdivision of the State of South Dakota, and the State of South Dakota, Defendants.

No. 13741.

Supreme Court of South Dakota.

Considered on Briefs Jan. 17, 1983.

Decided March 2, 1983.

Reed C. Richards of Richards & Richards, Deadwood, for plaintiff and appellee.

E. James Hood of Richards, Hood & Brady, Spearfish, for defendants and appellants.

DUNN, Justice.

This is an appeal from a judgment quieting title in Gertrude Taylor (appellee) to a piece of property in Spearfish, South Dakota. We affirm.

Appellee is the record titleholder of Lot 2 and a portion of Lot 1 of Schar's Addition to Spearfish, South Dakota. Appellee and her ex-husband received the property by a quit claim deed on November 24, 1945. Appellee has held the property individually since May 29, 1956.

Since first occupying the property in 1945, appellee mistakenly believed the boundary to one side of the property was a fence. The fence, which was in place at the time appellee first took possession of the property in 1945, was a heavy gauge woven wire combination with barb wire on the top. Although the legal description of the property was approximately eleven feet short of this fence line, appellee at all times mistakenly believed her property extended to the fence line.

Over the years, appellee used the property in dispute for gardening and she also tended apple trees in the area. Testimony at trial indicated that neighbors were allowed to use this area for garden space during the periods appellee did not choose to plant a garden. Even in periods when no garden was planted, appellee apparently maintained the property up to the fence line and continued to harvest the apples from the nearby apple trees.

At one point, a prior abutting landowner tried unsuccessfully to purchase a portion of what he believed to be appellee's land along the fence line. In 1977, a real estate developer who then owned the abutting property also tried to purchase land along the fence line. Receiving no response to his offer, the developer had the land surveyed and discovered the boundary was not at the fence line but was actually located approximately eleven feet inside the fence line. The developer proceeded to remove the original fence and construct a new one in the position designated by the surveyor. A home was later constructed on the developer's property.

In response to these activities, appellee decided to retain counsel. After experiencing some difficulty with her original counsel, appellee retained her present counsel and commenced this action against Edwin and Irene Tripp and the Bank of Belle Fourche (collectively designated herein as appellants). Other parties were joined below but are not participating in this appeal. In addition to retaining counsel, appellee pulled out survey stakes prior to the construction of the new fence, told potential buyers she owned the disputed piece of property and otherwise resisted attempts by the developer to encroach on what appellee believed to be her property. Judgment was entered for appellee below and appellants now request that we review the action taken by the trial court.

The trial court found that appellee established by clear and convincing evidence adverse and hostile possession under two separate theories. First, adverse possession was established by showing more than twenty years' possession under a written instrument as provided in SDCL 15–3–10 and SDCL 15–3–11 and, secondly, by showing the area was used and enclosed by a substantial enclosure for more than twenty years as provided by SDCL 15–3–12 and SDCL 15–3–13. We address each theory in turn.[1]

---

1. Although not fully explored by the parties, a third theory may well have been available to appellee. SDCL 15–3–15 awards adverse possession to those who possess and pay taxes for ten years under color of title. Here, it appears, although it is not fully developed in the record,

In *Cuka v. Jamesville Hutterian Mut. Soc.,* 294 N.W.2d 419, 422 (S.D.1980), this court held that: "[T]o establish by adverse possession ownership and title which is inconsistent with the record title, the proof must be by clear and convincing evidence." We adhere to this standard in the case at hand and we believe adverse possession was properly established.

■ As noted earlier, appellee was not the record titleholder to the approximately eleven-foot wide and one hundred forty-nine foot long strip of land in dispute in this case. Instead, appellee entered into possession, occupied and utilized the strip of land under a mistaken belief as to the true boundary. In *Sullivan v. Groves,* 42 S.D. 60, 172 N.W. 926 (1919), this court held where an adjoining landowner enters into possession under claim of title and under misapprehension as to the true boundary and continues in possession for twenty years, adverse possession is established under what is now SDCL 15–3–10, notwithstanding the fact the land extends beyond the calls of the occupant's deed. Similarly, in *Labore v. Forbes,* 59 S.D. 12, 238 N.W. 124 (1931), this court concluded that occupancy to a visible and ascertainable boundary for the statutory period is the controlling feature in determining hostility in mistaken boundary-line cases. We noted that: "It is obvious that the only sensible, safe and really equitable rule is to make the physical characteristics of possession, excluding all other persons, the sole test of adverse possession[.]" 59 S.D. at 16, 238 N.W. at 126. Realizing these principles, we conclude that if the occupancy of land beyond the true boundary line was actual, open, visible, notorious, continuous, and hostile in other respects, it is adverse even though such occupancy took place due to mistake and without the intention to claim the lands of another. *See,* Annot., 80 A.L. R.2d 1171 (1961).

SDCL 15–3–11 sets forth the acts which constitute adverse possession where the entry by claim of title is under a written instrument or decree. SDCL 15–3–11 states, in pertinent part:

> For the purpose of constituting an adverse possession by any person claiming a title founded upon a written instrument, or a judgment, or a decree, land shall be deemed to have been possessed and occupied in the following cases:
>
> (1) Where it has been usually cultivated or improved;
>
> (2) Where it has been protected by a substantial inclosure;
>
> . . . .

The evidence is very clear that appellee met the statutory requirements to establish adverse possession by cultivating and improving the lands as well as maintaining the fence which acted as a substantial inclosure.

Assuming for a moment that appellee's claim could not be founded on a written instrument as required by SDCL 15–3–10 and SDCL 15–3–11, adverse possession can nonetheless be established by SDCL 15–3–12 and SDCL 15–3–13. SDCL 15–3–13 provides:

> For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, or judgment, or decree, land shall be deemed to have been possessed and occupied in the following cases only:
>
> (1) Where it has been protected by a substantial inclosure; or
>
> (2) Where it has been usually cultivated or improved.

Again, the evidence disclosed at trial established that the fence line acted as a substantial inclosure, *Walker v. Sorenson,* 64 S.D. 143, 265 N.W. 589 (1936), and that the property next to the fence line was usually cultivated.

■ Appellants argue, however, that the adverse possession theory is precluded because appellee made several disclaimers of title prior to the running of limitations in the statutes. Noting our recent *Bartels v.*

that appellee may have been assessed and paid taxes on the disputed piece of property for the

period of time required by the statute.

*Anaconda,* 304 N.W.2d 108 (S.D.1981) decision, appellant contends: "An occupant's disclaimer of title prior to the running of limitations precludes his acquisition of title by adverse possession unless he thereafter claims and holds for the statutory period." *Id.* at 110 quoting from *Weisel v. Hobbs,* 138 Neb. 656, 665, 294 N.W. 448, 452 (1940). While this statement of the law is correct, it is inapplicable in this mistake-of-boundary situation. Although legal descriptions of the property indicating the true boundary were used on at least three separate occasions following appellee's taking possession of the property in 1945, it is undisputed that appellee at all times mistakenly believed the legal description included the disputed strip of land and the boundary ended at the fence line. In short, a disclaimer exists only if it is a knowing relinquishment of asserted property rights. Here, use of the legal description does not act as a disclaimer since appellee at all times mistakenly believed the legal description of the property extended to the fence line.

■ Appellants next assert the trial court erred in finding for appellee because appellants were good faith purchasers under SDCL 43–28–17.[2] Appellants contend they had no knowledge of appellee's adverse claim to the property when they purchased the abutting property in 1978 and were not informed of the adverse claim until January of 1979. In essence, appellant argues adverse possession rights are extinguished when the record titleholder sells or in some way disposes of the property pursuant to SDCL 43–28–17. We cannot agree with this statutory interpretation.

As appellee notes, SDCL 43–28–17 controls the "race to the courthouse" situation as it relates to prior recorded conveyances which were recorded in good faith and made for valuable consideration. Appel-

lants' assertion that this statute also frees subsequent purchasers from adverse possession claims to which they did not have prior knowledge is wholly without merit.

■ Appellants' contention that appellee's adverse possession claim to the disputed strip of land must be barred under the principles of equitable estoppel is likewise without merit. As we noted in *Cromwell v. Hosbrook,* 81 S.D. 324, 134 N.W.2d 777 (1965):

In order to constitute an equitable estoppel, or estoppel in pais, false representations or concealment of material facts must exist; the party to whom it was made must have been without knowledge of the real facts; that representations or concealment must have been made with the intention that it should be acted upon; and the party to whom it was made must have relied thereon to his prejudice or injury. There can be no estoppel if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence.

*Id.* 134 N.W.2d at 780–81 (citations omitted). The record reveals that appellee did everything in her power to maintain her claim to the strip of property in dispute. The only real delay came about due to appellee's original counsel who was subsequently replaced. Moreover, the developer who moved the fence line and constructed the house was fully aware of the adverse claim prior to proceeding with his plans. In fact, the developer's counsel invited appellee to pursue her alleged claim in court. Appellants' concern about avoiding "expenditures until the validity of title had been determined" should most appropriately be addressed to the developer who originated the project. Appellants' claim, if any, is with the developer and not appellee.

**2.** SDCL 43–28–17 provides:

Every conveyance of real property other than a lease for a term not exceeding one year is void as against any subsequent purchaser or encumbrancer including an assignee of a mortgage, lease, or other conditional estate of the same property, or any part thereof in good faith and for a valuable consideration whose

conveyance is first duly recorded. The term "conveyance" as used in this section, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged, or encumbered or by which the title to any real property may be affected, except wills and powers of attorney.

Finally, appellants erroneously assert that the trial court's judgment granting title to the disputed eleven-foot-wide strip of land is an inappropriate remedy. Appellee's quiet title action returned property to appellee which was taken without appellee's consent and for which appellee was not compensated. If appellants wish to purchase the property, they must negotiate the terms of the transaction with appellee.

The judgment is affirmed.

FOSHEIM, C.J., and WOLLMAN and HENDERSON, JJ., concur.

MORGAN, J., concurs specially.

MORGAN, Justice (concurring specially).

I concur in the disposition of the first issue affirming that appellee established hostile possession to the premises. However, I can only concur in the result as to the remaining issues because, as appellee points out, they were not preserved for appeal. I also note appellant does not dispute in his reply brief that he did not preserve these issues for appeal.