VALLEY BANK, Plaintiff and Appellant,

v.

Larry DOWDY, Defendant and Appellee.

Nos. 14022, 14027.

Supreme Court of South Dakota.

Argued May 25, 1983.

Decided July 20, 1983.

John J. Delaney of Amundson & Fuller, Lead, for plaintiff and appellant.

Harlan A. Schmidt, Spearfish, for defendant and appellee.

MORGAN, Justice.

This appeal arises from an action commenced by Valley Bank, appellant (Bank), for repossession of a tractor/trailer, pursuant to Larry Dowdy's, appellee (Dowdy), default on a promissory note. Trial court awarded Bank possession of the tractor/trailer but ordered Bank to pay Dowdy for repair costs to the tractor/trailer. Bank appeals from that portion of the judgment awarding repair costs to Dowdy. By notice of review, Dowdy appeals from that portion of the judgment denying him a possessory mechanic's lien. We affirm in part and reverse in part.

Bank is a commercial bank organized and operated under the laws of the state of Idaho. In June, 1981, Dowdy was employed by Weeks Brothers, Inc., an Idaho ranching corporation, which was a customer of Bank. Dowdy and Weeks Brothers agreed that Dowdy would purchase, for $16,000.00, the tractor/trailer then owned by Weeks Brothers. Bank agreed to finance the purchase, provided that Weeks Brothers would co-sign the note. On June 17, 1981, Dowdy and Weeks Brothers executed a promissory note and security agreement for $16,000.00. The note was to be paid by Dowdy in six months. Bank paid the $16,000.00 proceeds to Weeks Brothers but did not transfer the title to Dowdy. Title to the tractor/trailer was held at the bank in the name of Weeks Brothers, subject to all security interests of Bank. Dowdy had possession of the trac-

tor/trailer from June 17, 1981, until trial. During this time, Dowdy maintained and repaired the truck, spending $4,658.98 for parts and claiming $2,000.00 for his labor. After approximately three months, Dowdy moved from Idaho to South Dakota bringing the truck with him. Dowdy did not make any payment on principal or interest and Bank brought suit for repossession of the tractor/trailer. Dowdy counterclaimed for the repairs on the alternative theories of possessory mechanic's lien, detrimental reliance and promissory estoppel, and negligence seeking recovery of the $6,658.98 spent on maintenance and repairs. Trial was held on July 23, 1982, with the trial court ruling that Bank was entitled to possession but Dowdy was entitled to his repair costs based upon detrimental reliance and promissory estoppel.

Both parties appeal. Bank contends Dowdy was not entitled to repair costs under the equitable theories of detrimental reliance and promissory estoppel. Dowdy contends that if he was not entitled to equitable relief he was entitled to repair costs under a possessory mechanic's lien. The issues as framed by the briefs are: (1) whether the trial court erred in admitting parol evidence as to an oral agreement in connection with the promissory note; (2) whether the evidence is sufficient to support judgment for Dowdy for the repair costs on the basis of detrimental reliance and promissory estoppel; or, in the alternative, (3) whether Dowdy was entitled to a possessory mechanic's lien for the repair costs.

We first examine the propriety of the trial court's judgment in favor of Dowdy for repairs to the truck on the theory of detrimental reliance and promissory estoppel. Detrimental reliance is an equitable

relief emanating from equitable estoppel. J. Murray, *Law of Contracts,* § 91 at 195–97 (2d ed. 1974). When cases first appeared involving agreements lacking the element of consideration and the promisee reasonably relied upon a promise to his detriment, courts held the detrimental reliance substituted for the consideration and enforced the contract under equitable estoppel.[1] Equitable estoppel, however, was not quite the appropriate theory since it refers to a situation "in which a party made a false representation to, or knowingly concealed material facts from, another party with the intention that the innocent party should act upon the false representation or concealment." *Id.,* § 91 at 196–97. Courts then subsequently developed the broader theory of detrimental reliance, which is usually referred to as the doctrine of promissory estoppel. *Id.;* Simpson, *Contracts,* § 61 at 112–19 (2d ed. 1965). *See also* Henderson, *Promissory Estoppel and Traditional Contract Doctrine,* 78 Yale L.J. 343, 376 (1969).

This court in *Northwest Engineering Co. v. Ellerman,* 69 S.D. 397, 10 N.W.2d 879 (1943), adopted the doctrine of promissory estoppel as stated in Restatement of the Law of Contracts § 90. As revised by the Restatement (Second) of Contracts § 90, the doctrine of promissory estoppel provides:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

*Id.*[2] *See* L. Simpson, *Contracts,* § 61 at 112 (2d ed. 1965).

> "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

69 S.D. at 407, 10 N.W.2d at 883. There are two distinctions between the original and revised provisions. The original provision re-

---

1. One of the best known cases regarding the development of this doctrine is *Ricketts v. Scothorn,* 57 Neb. 51, 77 N.W. 365 (1898), in which a court enforced a grandfather's promise of $2,000.00 to his granddaughter in return for her leaving her employment.

2. The original Restatement of the Law of Contracts, Section 90, provided promissory estoppel as:

We now examine whether Dowdy established the elements of the theory of detrimental reliance by clear and convincing evidence. *Cromwell v. Hosbrook,* 81 S.D. 324, 134 N.W.2d 777 (1965). Our standard of review is whether the evidence is sufficient to support the trial court's conclusions that based upon these theories Dowdy was entitled to repair costs. In our opinion the trial court erred.

The crux of the trial court's decision rests on certain findings of fact which can be summarized as follows:

Bank promised that it would transfer title to Dowdy.

Bank did not arrange for transfer of title from Weeks Brothers Inc. to Dowdy. Bank never transferred title to Dowdy. When Dowdy concluded Bank had not and was not going to transfer title he thereafter refused to make additional repairs or improvements to the truck; refused to return the truck to the Bank, or to pay the note.

Dowdy reasonably believed title to the motor vehicle would be transferred by Bank.

Dowdy reasonably relied on Bank's promise, making improvements and expenditures in the amount of $6,658.98.

The improvements were to the detriment of Dowdy and would not have been made if he had known the Bank would not perform.

From these findings of fact the trial court concluded, as a matter of law:

The Bank voluntarily assumed the duty of properly transferring title to Dowdy, subject only to Bank's security interest.

The detrimental reliance of Dowdy upon the Bank's promise serves as consideration for promise of the Bank to transfer title.

To refuse enforcement of obligation created by Bank's promise would cause injustice because Dowdy would not receive the benefit of his bargain with Bank.

■ Our disagreement with the trial court comes from the fact, that on the entire record we can find no detriment to Dowdy arising from the failure of Bank to require Weeks Brothers to assign the title to Dowdy. Under Idaho law, where this transaction took place, as under South Dakota law, see SDCL 32–3–28,[3] the first lienholder is entitled to retain the title in its possession. Dowdy was not entitled to receive that motor vehicle title until he had paid the amount due on the loan to Bank, which he never did or attempted to do. Dowdy had the beneficial use of the vehicle during the period of the time of the loan regardless of the names on the title. What possible detriment did he suffer? Of course, Dowdy has lost the $6,658.98 that he says went into repairs; however, he is out that amount because he did not pay the amount due on the note. Had Dowdy tendered payment of the promissory note and had Bank then been unable to deliver to him a properly assigned title he would have had a valid claim for detrimental reliance. Under the present circumstances, Dowdy simply does not. In the ancient maxim of equity jurisprudence, Dowdy does not come into court with clean hands.

■ Having reversed the trial court on the detrimental reliance theory, we next examine Dowdy's claim that the trial court erred in failing to grant him a mechanic's lien under SDCL 44–11–1.[4] Dowdy's theory

quires reliance "of a definite and substantial character on the part of the promisee." The revised provision deleted this requirement but added a sentence permitting the remedy under this doctrine to be flexible. See discussion in J. Murray, *Murray on Contracts,* § 92 at 200 (2d ed. 1974).

3. SDCL 32–3–28 provides, in pertinent part: The secretary of public safety shall sign and affix his seal to the original certificate of title .... If there are one or more liens on said

motor vehicle, trailer or semitrailer, he shall properly note the same in the order of their priority on the certificate of title which shall be delivered or mailed to the holder of the first lien on the day of issuance.

4. SDCL 44–11–1 provides:
Any person who, at the request or consent of the owner or person lawfully in possession, shall furnish any services, skill, labor, materials, parts, accessories, supplies, or facilities for the alteration, repair, replacement of parts,

was that the title to the truck was always in the name of Weeks Brothers; Weeks Brothers knew he was going to repair the truck (although there is no evidence in the record to support that allegation); that he expended the money and time for labor and repairs; and that he retained possession of the truck.

The trial court ruled from the bench that Dowdy could not acquire a security interest prior to that which he had granted to another. Dowdy now asserts that, because Bank failed to perfect its interest by filing, he is entitled to the mechanic's lien. Dowdy did not propose any findings of fact and conclusions of law or a judgment form incorporating his theory of possessory mechanic's lien. However, both parties having briefed and argued the issue, we proceed to dispose of it.

Counsel does not cite us to any cases in support of his unique theory. On the basis of SDCL 44–11–1 and –2,[5] we agree with the trial court. If Dowdy had been an innocent third party his argument would be valid. However, Dowdy had an equitable ownership in the vehicle; he was a co-obligor on the promissory note and a co-signor of the security agreement. As between himself and Bank, Dowdy was bound by the note and the security agreement regardless of whether Bank had recorded its security interest.

We affirm that portion of the judgment granting possession of the truck and reverse that portion of the judgment granting equitable relief.

All the Justices concur.

storage, keeping, maintenance, and preservation of any personal property shall have a lien thereon, dependent on possession, or notice as hereinafter provided for his reasonable charge for any or all of the same furnished for said personal property, or if the same be furnished pursuant to an agreed price with the owner for the amount of said agreed price.

**5.** SDCL 44–11–2 provides:
Such lien on personal property shall be subject only to liens, mortgages, and conditional sales contracts properly filed on or before the time that the property comes into the possession of the lien claimant.