VOEGELE, Respondent v. TSCHIRLEY, Appellant

(81 N.W.2d 604)

(File No. 9617.  Opinion filed March 13, 1957)

510

R. G. Gross, Ipswich, for Defendant and Appellant.

Raymond Hieb, Ipswich, for Plaintiff and Respondent.

RUDOLPH, J.  Plaintiff brought this action to recover wages which he alleged were due from the defendant.  The defendant in his answer contended that there was no such amount of wages due as alleged by the plaintiff and further that he had no contract of employment with the plaintiff. Defendant alleged that at the time plaintiff started to work for him plaintiff was a minor and that the contract of employment was entered into between plaintiff's father and the defendant.  The jury returned a verdict for plaintiff and defendant has appealed.

The assignments of error present no question concerning the sufficiency of the evidence to support the verdict.  Only

such facts as relate to the questions presented by this appeal will be stated.

The first question presented relates to the refusal of the trial court to grant a continuance after an amendment of the complaint. The complaint alleged a contract had been entered into in December 1953. As plaintiff's evidence progressed it appeared that plaintiff commenced his work for defendant in December of 1953 under a promise by defendant that they would subsequently agree upon wages and in February 1954, the plaintiff and defendant agreed upon the wages to be paid. The amendment conformed to this evidence. The court allowed the amendment and stated to counsel for appellant "* * * if you don't feel that you can meet it at this time and if there is any reason why you should have a continuance, you can make a showing on that and then I will decide that." Thereafter a recess was taken and following the recess a motion for continuance was denied. It is well established in this jurisdiction that the granting of a continuance because of an amendment to the pleadings is within the discretion of the trial court and unless there has been a clear abuse of such discretion, the action of the court will not be disturbed. In this case, as disclosed by the evidence, the contract was made between plaintiff and defendant orally and there were no other witnesses.

Defendant was present at the trial and plaintiff's testimony as to the making of the contract related only to conversations had with the defendant. Under these circumstances an unjustifiable delay of the trial would have resulted if the motion for a continuance had been granted. Gilger v. Montgomery Lumber Co., 73 S.D. 599, 47 N.W.2d 281.

The trial court refused to receive in evidence a letter marked Exhibit 15 purportedly being a letter from one H. L. Woodworth, an attorney at law and addressed to the defendant. The letter in substance states that plaintiff's father left with Mr. Woodworth for collection, a claim against defendant for wages earned by his son, the plaintiff. The letter then advised the defendant of the amount due and states, "Milbert is still under age, so settlement should be made through my office." If the letter were admissible for

any purpose in this case it would relate to the defense that the contract of employment of Milbert was made with his father. It was necessary, therefore, that defendant establish Exhibit 15 was written by Mr. Woodworth. The defendant testified to receiving the letter and plaintiff's father testified that he asked Mr. Woodworth to write a letter to defendant. This testimony was the only foundation laid for the introduction of the letter. The father did not testify that he authorized Mr. Woodworth to write this Exhibit 15, but simply a letter. Mr. Woodworth did not testify and no one identified the signature on the letter as being that of Mr. Woodworth. We are of the view that no sufficient foundation for the introduction of this letter was established. Simply receiving a letter purporting to bear Mr. Woodworth's signature is not sufficient. 7 Wigmore, Evidence, 3d Ed., Sec. 2130. The testimony of the father to the effect that he asked Mr. Woodworth to write defendant a letter does not establish that Exhibit 15 was written by Woodworth. Exhibit 15 might be a letter from Mr. Woodworth and it might not. There was no proper foundation laid for the introduction of Exhibit 15.

The objection to Exhibit 15 was only a general objection, but the objection having been sustained it will be "presumed that some valid ground was apparent to the judge without express statement; * * *". 1 Wigmore, Evidence, 3d Ed., Sec. 18, page 338.

The judgment appealed from is affirmed.

All the Judges concur.