Judith J. LIEN, Plaintiff and Appellee,

v.

Wendy J. BEARD, Defendant
and Appellant.

No. 17468.

Supreme Court of South Dakota.

Considered on Briefs Oct. 24, 1991.

Decided Dec. 24, 1991.

Jerome A. Eckrich of Schmidt & Eckrich, Spearfish, for plaintiff and appellee.

Leroy Hill of Leroy Hill Law Offices, Belle Fourche, for defendant and appellant.

MILLER, Chief Justice.

Wendy Beard (Beard) appeals trial court's judgment in favor of Judith Lien (Lien), which permanently enjoined Beard from entering, pasturing, or interfering with Lien's possession of certain property and denied Beard's counterclaim grounded upon adverse possession. We affirm.

## FACTS

Lien and Beard are adjoining landowners of property located in the Black Hills of South Dakota. Beard purchased her land

in 1980, and Lien purchased hers in 1985. A wire fence, which has been in place for more than forty years, partially [1] divides the properties. Apparently, this fence deviates to the east from the legal boundary due to the presence of rimrock, which makes it impossible to maintain a fence on the precise boundary. Moreover, the fence was in a dilapidated condition and was down in some areas. The area is rough, rocky, steep, and heavily timbered, and neither party could observe the disputed area from her home.

In the spring of 1988, Lien had her property surveyed and staked, at which time it became apparent that the fence was not on the legal boundary line. In 1989, Beard began to make actual use of an irregular shaped piece of land (approximately 3 acres in size) of which Lien was the record owner. Lien and her husband observed Beard repairing and rebuilding portions of the fence in order to enclose this strip of land to create a donkey pen. Because Beard was on what Liens believed was their property, they informed the sheriff that Beard was trespassing. The sheriff informed them that this was a civil matter, hence Lien retained counsel.

On April 27, 1989, Lien, through her attorney, sent Beard a demand letter advising her to cease and desist her work on the fence and to abandon her efforts to claim the strip of land. This letter was ignored. Lien then initiated this action seeking a permanent injunction. Beard counterclaimed, claiming title to the disputed strip of land by adverse possession. After a trial on the merits, the court concluded that Beard failed to establish her claim of adverse possession and thus granted a permanent injunction to Lien.

1. The fenceline was not contiguous and it did not form an unbroken boundary between the adjoining property owners.

2. SDCL 15–3–7 provides:
   In every action for the recovery of real property or the possession thereof, the person establishing a legal title to the premises shall be

On appeal, Beard contends that the trial court erred in concluding that Beard failed to meet her burden of proof; that the trial court improperly applied the doctrine of boundary by acquiescence; and, that the trial court abused its discretion in granting Lien's motion for a continuance. We affirm.

## DECISION

WHETHER THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THERE WAS INSUFFICIENT EVIDENCE TO ESTABLISH TITLE BY ADVERSE POSSESSION.

■ Lien was the record owner of the property; therefore, Beard had the burden of proving title by adverse possession. SDCL 15–3–7; [2] *Cuka v. Jamesville Hutterian Mut. Soc.*, 294 N.W.2d 419 (S.D.1980). "[T]o establish by adverse possession ownership and title which is inconsistent with the record title, *the proof must be by clear and convincing evidence." Id.* at 422 (emphasis added); *Taylor v. Tripp,* 330 N.W.2d 542 (S.D.1983); *Bartels v. Anaconda Co.,* 304 N.W.2d 108 (S.D.1981).

■ Beard does not claim title based on a writing; therefore, her adverse possession claim is governed by SDCL 15–3–12. Under this statute, the trial court must determine whether the land was occupied for twenty years, since "only that portion of land which has been *actually* and *continuously occupied* may be claimed when there is no written instrument forming the basis of the claim." (Emphasis added.) It is generally accepted that to establish adverse possession it must be shown that the occupancy was actual, open, visible, notorious, continuous, and hostile. *Forest Home Cemetery v. Dardanella Fin. Corp.,* 329 N.W.2d 885 (S.D.1983).

presumed to have been possessed thereof within the time required by law; and to have been under and in subordination to the legal title, unless it appears that such premises have been held and possessed adversely to such legal title for twenty years before the commencement of such action.

■ The trial court made the following findings: the fence bordering the disputed property deviated from the recorded legal boundary because of the presence of rimrock, which made it impossible to build or maintain a fence thereon; Beard used the disputed land for the first time in 1989 when she began construction of a donkey pen which involved building a new fence and rebuilding pieces of downed fence; over the years, the disputed area was seldom used; the last alleged use of this land by Beard's predecessors in interest[3] occurred thirty-three years before; the evidence established that the parties and their predecessors in interest treated the fence as the boundary line for more than twenty years; however, it did not establish that Beard's occupancy, or that of her predecessors in interest, was actual, open, visible, and continuous for more than twenty years.[4]

Accordingly, the trial court concluded that Beard failed to establish by clear and convincing evidence that there was an actual and continuous occupancy of the disputed area for more than twenty years. SDCL 15–3–12. Clear and convincing evidence is " 'somewhere between the rule in ordinary civil cases and the requirement of our criminal procedure, that is, it must be more than a mere preponderance but not beyond a reasonable doubt.' " *Cromwell v. Hosbrook*, 81 S.D. 324, 329, 134 N.W.2d 777, 781 (1965) (quoting *Brown v. Warner*, 78 S.D. 647, 653, 107 N.W.2d 1, 4 (1961)).

■ Beard also claims the trial court improperly applied the "doctrine of boundary by acquiescence."[5] That doctrine, while similar to adverse possession is, in effect, an evidentiary presumption as to the element of hostility and it applies even though the occupancy occurred due to ignorance, inadvertence, or mistake, and without an intention to claim the lands of another. However, the trial court concluded that the evidentiary presumption of hostility under the "doctrine of boundary by acquiescence" was inapplicable because there was no actual or continuous occupancy of the area in dispute for more than twenty years. We agree. "[O]ccupancy to a visible and ascertainable boundary for the statutory period is the controlling feature in determining hostility in mistaken boundary cases." *Taylor*, 330 N.W.2d at 544; *Labore, supra.*

"What constitutes possession in any case is a question of fact and each case depends upon its own facts." *Cuka*, 294 N.W.2d at 423. Additionally, "whether the facts as delineated to the court ... are sufficient to constitute adverse possession is a question of law for the court to determine." *Id.* We will not reverse the trial court's findings unless they are clearly erroneous. *Holmes v. Couturier*, 452 N.W.2d 135, 137 (S.D.1990); *Smith v. Sponheim*, 399 N.W.2d 899 (S.D.1987).

After reviewing the record, we conclude that the trial court correctly determined that Beard did not prove her claim of adverse possession by clear and convincing evidence and that the "doctrine of boundary by acquiescence" was inapplicable absent clear and convincing evidence of actual and continuous occupation of the disputed property.

---

**3.** "The possession of successive occupants may be tacked together if there is privity between them. Privity exists between two occupants when possession is acquired by voluntary transfer of title or possession." *Labore v. Forbes*, 59 S.D. 12, 15, 238 N.W. 124, 125 (1931).

**4.** *See* SDCL 15–3–13, which provides:

For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument, or judgment, or decree, land shall be deemed to have been possessed and occupied in the following cases only:
(1) Where it has been protected by a substantial inclosure; or
(2) Where it has been usually cultivated or improved.

**5.** In South Dakota, this doctrine was recognized as early as 1918 in *Lehman v. Smith*, 40 S.D. 556, 168 N.W. 857; however, the doctrine has generally been referred to as the Doctrine of Title by Acquiescence.

We have considered Beard's contention that the trial court erred when it denied her motion to dismiss at the close of Lien's case-in-chief and thereafter allowed Lien to reopen to authenticate the survey. We conclude there was no abuse of discretion. *Hyde v. Hyde*, 78 S.D. 176, 99 N.W.2d 788 (1959); *Voegele v. Tschirley*, 76 S.D. 509, 81 N.W.2d 604 (1957); *State v. Pirkey*, 22 S.D. 550, 118 N.W. 1042 (1908), *rev'd on other grounds*, 24 S.D. 533, 124 N.W. 713 (1910); *Saastad v. Okeson*, 16 S.D. 377, 92 N.W. 1072 (1902).

Affirmed.

WUEST, HENDERSON, SABERS and AMUNDSON, JJ., concur.